STUBBS *v.* THE ATLANTA COTTON-SEED OIL MILLS.

Where the chief duty of an employee was to feed a mill, and an incidental duty embraced the cleaning up around it of material scattered in the process of feeding, it was incumbent upon him to look at the machine and observe every plain and constantly visible characteristic in its construction and working which rendered the necessary cleaning up dangerous. If, after working all day, he

undertook to clean up at night, the omission of the employer to supply proper light for the occasion would not excuse the employee for exposing himself to unseen and unknown danger in the dark, which he ought to have discovered had he made proper use of daylight.    *Judgment affirmed.*

May 22, 1893.

Action for damages. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1892.

The plaintiff excepted to the grant of a nonsuit. He was injured while working at a machine (called the cake-breaker) in the defendant's mills. The alleged negligence of the defendant was, in allowing the cogs to remain exposed instead of replacing the boxes which originally covered them and which had been worn or broken off; and in failing to turn on the electric lights, whereby the plaintiff was compelled to work by the dim light of an oil lamp. It appeared from his testimony that he had for some years been working at the mills in sacking meal and as head pressman, but the day he was hurt was the first time he had worked at the cake-breaker. He commenced at 7 o'clock in the morning, and was to quit at 7 in the evening. When the machine was running fast, some of the cake would bounce out of the hopper and fall over on the side, and in the course of half a day would thus accumulate considerably and had to be cleaned up. It was while thus cleaning and picking up the cake on the back side of where the gearing was, that plaintiff in some way got his left hand too near to it, and two fingers were cut off by the cogs. This was about half past five or six o'clock in the evening, and it was dark. He did not know anything about how it was until he was hurt; then he realized and saw that the thing was open. There was then no cap on it. He had never noticed it; did not know whether a cap belonged there or not; did not know anything about the machine; nobody came to show him anything about it.

The place was not lighted up before he was hurt. There was only a little old lamp sitting away back on the opposite side of the machine from the gearing. The reason he continued to work when it was so dark was, he was thinking surely they would light up directly; he just kept looking for the electric lights to be turned on. They were fixed purposely to throw light on the machine on that side. Another witness testified, that there was a cap for that machine, but he did not know whether it was off or on; there was nothing to hinder one from seeing those cogs if the box was off; one could see the cogs if he looked for them; if he found out at all how the machinery ran, he would know they were already there. Witness supposed the cap was to keep the cake from getting between the cogs, and to keep men out of danger, though they should see it. If a man did not know it was there and was not looking for it, and ran into it in the dark, that would be another thing, etc. There was other testimony which need not be detailed, the foregoing recital sufficiently showing the nature of the case.

WESTMORELAND & AUSTIN and J. E. WARREN, for plaintiff. ABBOTT & SMITH, for defendant.