LAWRENCE J. BARNARD vs. WILLIAM F. SCHRAFFT.

Suffolk.    January 26, 1897. — March 30, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Due Care — Master and Servant — Assumption of Risk.*

An employee who, while engaged in removing a kettle full of melted sugar from a furnace, is injured by the sugar spilling upon his hands while he is trying to disengage himself from a ring of the furnace which has clung to the kettle and then fallen to the floor, cannot maintain an action for his injuries, if the risk was obvious, the elements of danger were known by him, and he was lacking in due care either in failing to take notice that the ring might come off with the kettle, or that in point of fact it had so come off in this instance.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ.   Trial in the Superior Court before *Lilley,* J., who ruled that upon all the evidence the plaintiff could not recover, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*E. Lowe,* for the plaintiff.

*J. Lowell, Jr.,* for the defendant.

ALLEN, J.   According to the testimony introduced by the plaintiff, there were in common use in candy manufactories two kinds of furnaces for melting sugar, one kind being the ring furnace, which had been in use in the defendant's factory till about six weeks before the accident; the other kind being the Fobes-Hayward furnace, which was not used nor adapted for use with rings.   The furnace in use at the time of the accident was one of the latter kind, and had been purchased about six weeks before the accident, and had been in use after that time. The plaintiff had worked at the candy business thirty years, and about three years for the defendant; and had worked on the Fobes-Hayward furnace in question every day during the six weeks before the accident.   This furnace had no rings which belonged to it, and was not adapted for use where kettles of different sizes were required; but in the defendant's business it was necessary to use kettles of different sizes, and accordingly the defendant's son told the plaintiff to use the rings from the old furnaces, and the plaintiff selected from the old rings one

adapted to the kettle in use at the time.  In removing the kettle full of melted sugar from the furnace, the ring clung to it. This was not observed by the plaintiff, and shortly afterwards the ring fell to the floor at his feet.  The plaintiff got entangled in it, and in trying to escape or disengage himself from the ring, the sugar was spilled on his hands, and burned his right hand very badly.

The plaintiff's counsel stated at the trial that the furnace and ring were not safe and suitable appliances, because the ring, being placed on top of the furnace, and not fitted or grooved into the top as in a proper ring furnace, was not properly fastened down ; and that in proper ring furnaces the rings are held in place, not only by their own weight, but by being closely fitted to the furnace top, and by the expansion of the iron when heated.

Assuming this to be so, the only danger from using the furnace and the ring was that the ring would cling to the kettle, and come off with it when the kettle should be removed.  That this might happen was obvious.  There was nothing to prevent it except the weight of the ring.  No doubt, more care was required in using this furnace with the ring simply placed on top of it than in using a furnace with rings so adjusted as to be securely held in place.  But the conditions were all well known to the plaintiff.  The ring was selected by himself, and laid upon the top of the furnace.  There was no concealed or latent peril. The plaintiff knew that there was nothing to hold the ring down except its own weight.  He was, moreover, a candy maker of long experience, and had been at work upon this particular furnace every day for six weeks.  The risk, such as it was, was obvious.  The ring came off with the kettle, and the plaintiff did not notice it; and thus the accident happened.

The plaintiff testified that he did not know or understand that there was any danger of injury to himself until after he was injured.  But the elements of danger were known by him, and we are of opinion that he was lacking in due care, either in failing to take notice that the ring might come off with the kettle, or in failing to observe that in point of fact it had so come off in this instance.  *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554.  *Connors* v. *Morton*, 160 Mass. 333.

*Exceptions overruled.*