JAMES QUINN, ADMINISTRATOR, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellant.

**Master and Servant:** RISK OF EMPLOYMENT.   An employe of a railway company is chargeable with knowledge of the defects in a switch in not having a proper space between the main railroad and the point of the switch rail and in not having blocking in the space, where he has worked over and about the switch in question for many years and hundred of times within the year preceding the accident, and the condition of the switch and its surroundings was unchanged during that time.

**Instructions.** An instruction in an action against a railroad company for the death of an employe, alleged to have been caused by a defective switch, which attempts to include all the elements necessary to be proved to warrant a recovery is reversible error where it ignores the defense that the decedent with knowledge of the actual condition of the switch remained in the employment of the railroad company and assumed the risk incident to its condition, though such defense is elsewhere correctly charged upon.

Same. Where the defendant in an action for the death of a brakeman, alleged to be due to a defective switch, relies equally upon the defenses of contributory negligence and assumption of risk, an instruction that "the first and principal question to be determined is that of negligence" is error.

Same. In an action for the death of a brakeman alleged to be due to a defective switch an instruction submitting to the jury the question whether the switch was out of repair, where there is not evidence to that effect, is error.

*Appeal from Scott District Court.*—HON. P. B. WOLFE, Judge.

THURSDAY, DECEMBER 15, 1898.

ACTION at law to recover damages for the death of plaintiff's intestate, alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Cook & Dodge* for appellant.

*Ambrose P. McGuirk* and *J. M. Beardsley* for appellee.

ROBINSON, J.—The decedent, Albert L. Smith, worked for the defendant, as brakeman, at intervals, for ten years, and almost constantly for five years preceding his death. All of his service was performed on the railway which extended from Rock Island through Muscatine, and during the last year of his life his run was with freight trains over the railway between Rock Island and Eldon, which passed through Muscatine. It was the custom of the crew of his

train to do work every other day on the westward run in the
railway yard at Muscatine, and over and near a switch in the
main line near the west end of the yard. At about 4 o'clock
in the morning of November 3, 1891, before it was day-
light, the decedent's train reached Muscatine from the east,
and commenced to cut off cars near the switch described.
Eight or nine cars were cut off, and run onto a side track
eastward. The remainder of the train was then run west-
ward on the main line until the rear end had cleared the
switch, when it was stopped. Smith, who was rear brakeman,
turned the switch for the main line, and the train was backed
eastward; and he went westward a short distance on the
south side of the track, and then went between the two cars
which were to be uncoupled, while the train was moving. After
a few moments, but before the cars were uncoupled, his
lantern was seen to fall outside the track, the train was
stopped and he was found in an unconscious condition. His
left leg had been severed from the body, and other injuries
had been inflicted. He did not regain consciousness, and
died within half an hour. The petition alleges that the switch
was defectively constructed and was not in good condition,
and that in consequence of the defective and bad condition,
and without negligence on the part of the decedent, one of his
feet was caught in the switch, and held until he was run over
and injured as stated. The petition also alleges that the
defendant was negligent in that the engine attached to the
train in question was out of repair, and not properly under
the control of the engineer, and in not stopping the train
within a reasonable time after the danger of the decedent was
known. Negligence in other particulars is also alleged, but no
evidence to show such negligence was offered. The defendant
denies negligence on its part, pleads contributory negligence
on the part of the decedent, and avers that the decedent well
knew the character and condition of the switch, and with
that knowledge remained in the service of the defendant; that
the danger he incurred by reason of the condition of the

switch was a risk incident to the service which he contracted to perform, and which he accepted with full knowledge of it; and that he incurred a risk by going between moving cars to uncouple them, which was in violation of a rule of the defendant which was known to him.

I.    The fifth paragraph of the charge to the jury is as follows: "To entitle the plaintiff to recover, he must prove to your satisfaction and by a preponderance of the evidence: (1) That the said A. L. Smith was killed by the cars of the defendant in its yards at Muscatine, Iowa; (2) that at the time of the accident the defendant was negligent, and that Smith's death was caused by such negligence; (3) that said Smith was not guilty of any negligence that contributed directly to his injury or death; (4) the damages sustained. If the plaintiff has established all of said facts, your verdict should be in his favor, but, if he has failed to establish any of said facts, your verdict should be for the defendant."

The appellant complains of this paragraph on the ground that it ignored the defense pleaded,—that the decedent, with knowledge of the actual condition of the switch, remained in the employment of the defendant, and assumed the risk incident to its condition. We think this complaint is well founded. The evidence shows, without contradiction, that the decedent had worked over and about the switch in question for many years, that he had done so hundreds of times within a year preceding the accident, and that the condition of the switch and its surroundings was unchanged during that time. Therefore, there was evidence to sustain the alleged assumption of risk, but that plea was ignored by the part of the charge in question. It is true that in another paragraph the court did instruct the jury in regard to the assuming by the decedent of the risk, but as the fifth paragraph instructed the jury, in plain terms, to return a verdict for the plaintiff, if the statements set out were proven, it was to that extent in conflict with the other paragraph, and of a nature to confuse the jury.

II.   Complaint is also made of the sixth paragraph of the charge, on the ground that it told the jury that, from what had been stated, "it will be seen by you that the first and principal question to be determined is that of negligence." Whether this was correct admits of a difference of opinion.   The defendant contends that the question as to assumption of risk, and waiver by the decedent of the alleged defect in the switch, in continuing in its service without objection, and with knowledge of the alleged defects in the switch, is fully as important as that of negligence.   The statement may not have been prejudicial, but it tended, by giving undue prominence to one question, to withdraw the attention of the jury from other important questions.   Thus, had the waiver pleaded been proven, it would have counteracted the effect of negligence on the part of the defendant in the construction and maintenance of the switch.

III.   The eighth paragraph of the charge is as follows: "If you find from the evidence that the switch was not in good repair, or that it was not properly constructed; that the said Smith was injured, from the effect of which he died, and that he was so injured by having his foot caught in the switch, and that at the time he was injured he was engaged in the performance of his duty as brakeman; and that he was not guilty of any negligence that directly caused or contributed to his injury,—then on your so finding you would be warranted in finding for the plaintiff, provided that you further find that the defendant knew, or by the exercise of reasonable care would have known, that the switch was out of repair (if you find that the switch was not in repair) long enough prior to the time of the accident to have repaired the same."   This paragraph is objectionable for the reason that it repeats the error of the fifth paragraph, and for the further reason that it submits to the jury the question whether the switch was out of repair.   We do not find any evidence which tends to show that the switch was not in good repair.   Some evidence was introduced for the purpose of

showing that the plan of the switch was not the best known, but none to show that it was in bad order.   This error is repeated in other paragraphs of the charge.

IV.   The fourteenth paragraph of the charge is as follows: "When an employe has knowledge, or has the means of acquiring knowledge by the exercise of ordinary care and diligence, of defects or imperfections in the switches or cars about or upon which he is employed, and continues in his employer's service without objection or protest, and continues the use of such imperfect machinery or switches, he will be held to have assumed all the risks incident to the use of such defective machinery or switches.   Hence, if you find from the evidence that the switch in use by the defendant in its yards at Muscatine was in fact defective and dangerous, and that Smith knew, or by the exercise of reasonable care and prudence would have known, that the switch was so defective and dangerous, and that it was not safe, on account of its defective and dangerous condition, to uncouple cars passing over the switch at the rate of speed you find from the evidence the cars were moving at the time Smith entered between the cars to uncouple them, or at the rate they were moving at the time they reached the switch, or to uncouple them at all while on the switch, on your so finding, Smith's attempt to uncouple the cars under such circumstances would be contributory negligence, and would defeat the right of the plaintiff to recover in this action; and your verdict should be for the defendant."   That portion of the charge is substantially correct, as applied to the facts in this case.   The switch in question was what is known as a "split switch," and the alleged defects therein consisted in not having a proper space between the main-track rail and the point of the switch rail, and in not having blocking in that space.   It is insisted that the decedent's foot was caught in that space, and that it should have been so wide, or so narrow, or so protected by blocking, that the foot would not have been caught.   If this be conceded to be true, it is apparent that Smith should have known of the defect in the switch.   He

had worked about it so long and so frequently that by giving reasonable attention to it he would have known the danger of being caught by it.   It is not a sufficient answer to say that he had a right to rely upon proper care on the part of the defendant to make the switch safe, and that it is not shown that he knew it was unsafe.   It was his duty to pay reasonable attention to the track where he was required to walk in the discharge of his duties.   The drawbar of the switch, the bridles which hold the switch rails together, and the switch rails which cross the main track, necessarily make the track at a switch more dangerous than at other places; and it was the duty of Smith to know that fact, and to use reasonable care to avoid the danger.   Had he done so, he could not have worked about this switch so long as he did without knowing its condition.   The alleged defect was so open and apparent that Smith must be charged with having knowledge of it. *Mayes v. Railway Co.*, 63 Iowa, 562; *McKee v. Railway Co.*, 83 Iowa, 616; *Muldowney v. Railway Co.*, 39 Iowa, 615; *Way v. Railway Co.*, 40 Iowa, 341; *Perigo v. Railway Co.*, 52 Iowa, 276; *Austin v. Railroad Co.*, 164 Mass. 282 (41 N. E. Rep. 288); *Lovejoy v. Railroad Corp.* 125 Mass. 79; *Sheets. v. Railway Co.*, 139 Ind. Sup. 682 (39 N. E. Rep. 154); *Missouri Pac. Ry. Co. v. Baxter,* 42 Neb. 793 (60 N. W. Rep. 1044).   In the cases of *Kroener v. Railway Co.*, 88 Iowa, 16, and *Curtis v. Railway Co.*, 95 Wis. 460 (70 N. W. Rep. 665), the evidence did not show that the employes injured by reason of insufficient blocking were chargeable with knowledge of the defect.   We conclude that the verdict was contrary to the fourteenth paragraph of the charge.

V.   The appellant contends that the evidence shows that the decedent was guilty of contributory negligence.   In view of the conclusion reached, we do not find it necessary to determine that question, nor the effect which should have been given to the defendant's rule 31, nor whether the evidence justified the finding that the decedent's foot was caught in the switch.   For the errors pointed out, the judgment of the district court is REVERSED.