## THE PENNSYLVANIA COMPANY v. EBAUGH.

[No. 18,383.   Filed May 10, 1899.]

APPEAL AND ERROR. — *Record.* — *Instructions.* — Instructions made part of the record by order of court and fully set out in the order are properly in the record on appeal. *p. 533.*

NEW TRIAL. —*Instructions.*—*Assignment of Error.*—An assignment in a motion for a new trial for "error of the court in refusing to give to the jury each of the instructions, severally asked, numbered one, two, three," and for "error of the court in giving to the jury each of the instructions given by the court numbered one, two, three," is sufficient to challenge each instruction of each set of instructions. *p. 533.*

MASTER AND SERVANT.—*Knowledge of Danger.*—*Assumption of Risk.*—An employe assumes not only the ordinary dangers of his employment which are known to him, but also such as by the exercise of ordinary diligence would have been known to him. *pp. 533-535.*

From the Marion Circuit Court.   *Reversed.*

*Samuel O. Pickens,* for appellant.

*William V. Rooker,* for appellee.

HADLEY, J.—Appellee brought this action against appellant to recover damages for the loss of an arm which resulted from injuries received while attempting to couple cars while in the service of appellant as a brakeman on one of its freight trains.   The complaint is in three paragraphs.   A demurrer to each was overruled.   Answer in general denial.   Verdict and judgment for appellee.   Error is assigned upon the overruling of the demurrers to the complaint; in overruling appellant's motion for judgment upon answers to interrogatories, notwithstanding the general verdict; and in overruling appellant's motion for a new trial.

The negligence charged in the first paragraph relates to the order of the conductor to the plaintiff to couple two cars of different construction,—the draw-bars of one being higher than the draw-bars of the other, and the deadwoods so negligently constructed and maintained that the cars were but eight inches apart when the deadwoods collided,—which

conditions were known to the defendant, and unknown to the plaintiff, and on account of which conditions the plaintiff, in attempting to couple said two cars, was caught between them, held fast, and injured. The second, in addition, alleged that the north rail of the track where the plaintiff was ordered to make the coupling had a strong, sharp splinter of iron protruding therefrom, and that, when the plaintiff stepped in to make the coupling, said splinter penetrated his shoe and held him fast, whereby he was injured. The third charges that the night was very dark, and the plaintiff, acting under the rules and regulations of the company, and orders of the conductor, took his station at the standing car, and signaled for the backing and slowing up of the train, but, instead of coming back slowly, the conductor negligently cut two cars from the rear of the backing train, that, unrestrained, rushed violently and unexpectedly upon and injured him.

Appellant requested the court to charge the jury that if they found the plaintiff was injured solely by the negligence of the conductor of the train, and that the defendant was free from fault in employing said conductor, or in retaining him in its service, such injury was the result of the negligence of a co-employe, and that they should find for the defendant. Appellant's counsel says in his brief: "The overruling of the demurrer to each paragraph of the complaint, and the refusal to give said instruction to the jury, present the question of the validity of the Employers' Liability Act." No objection is made to either paragraph of the complaint, nor to the refusal of the court to give said instruction number twenty, further than that the act of 1893 (Acts 1893, p. 294, section 7083 Burns 1894), upon which it is claimed they rest, is obnoxious to the Constitution. Since the brief was written, this court has decided the question here propounded adversely to the position assumed by the appellant. *Pittsburgh, etc., R. Co.* v. *Montgomery, ante*, 1; *Pittsburgh, etc., R. Co.* v. *Hosea, ante*, 412.

The correctness of certain instructions given and refused is challenged by appellant's motion for a new trial.     Appellee submits that the instructions given and refused are not properly in the record, because no filing of the same is disclosed.     Both sets are made part of the record by order of court, and both are fully set out in the order.     This brings them properly into the record.     *Close* v. *Pittsburgh, etc., R. Co.*, 150 Ind. 560.

Appellee also contends that neither the instructions given nor those refused are in the record so as to question them severally.     The alleged error is stated in the motion for a new trial as follows:     For "error of the court in refusing to give to the jury each of the instructions severally asked, numbered one, two, three," etc.     For "error of the court in giving to the jury each of the instructions given by the court numbered one, two, three," etc.     "Each" is a word of distribution,— implies severalty,—and the assignment is sufficient to challenge each instruction of each set.     *Terre Haute, etc., R. Co.* v. *McCorkle*, 140 Ind. 613.

Instruction nineteen given by the court is as follows: "(19) If you find from a fair preponderance of the evidence that plaintiff, without any fault or negligence on his part, while exercising due care, sustained the injury complained of, by reason of the roadbed at the point where he was working being out of repair, as charged in the complaint, and that such condition was unknown to the plaintiff, and that such condition was known to the defendant, or had so long continued or was of such a nature that it would have been known to the defendant by the exercise of ordinary diligence on the part of the defendant, so as to have avoided said injury, then your verdict should be for the plaintiff."     The defendant requested, and the court refused to give, the following:     "(5) The court instructs you further, as a matter of law, that an employe of a railroad company cannot recover from the company for an injury suffered in the course of the business in which he is employed, from defect-

ive machinery used therein, or from the dangerous condition of the track, after he has knowledge of such defective or dangerous condition, or by the exercise of ordinary care might have had knowledge of such defective or dangerous condition." The objection urged against instruction nineteen is that it limited the plaintiff's assumption of risk to the defects in the roadbed of which he had actual knowledge. It is a rule of universal acceptance by the courts of this country that an employe assumes all the ordinary dangers of his employment, which are known to him, or which by the exercise of ordinary diligence would have been known to him. It is alike the duty of the employer and employe to be diligent in the discharge of their reciprocal duties, for the avoidance of personal injury to the latter; and both are alike bound to know, and will be chargeable as knowing, all facts and conditions that a person of ordinary caution and prudence, in a like situation, would have discovered. Neither may close his eyes nor carelessly neglect observation and inquiry for the safety of the employe, and find immunity on the ground that he did not have actual knowledge of the danger. In such cases constructive knowledge has the same force and effect as actual knowledge. *Reitman* v. *Stolte,* 120 Ind. 314; *Indiana, etc., R. Co.* v. *Daily,* 110 Ind. 75; *Lamotte* v. *Boyce,* 105 Mich. 545, 63 N. W. 517; *Barnard* v. *Schrafft,* 168 Mass. 211, 46 N. E. 621; *Stubbs* v. *Atlanta, etc., Mills,* 92 Ga. 495, 17 S. E. 746. It is a familiar rule that a party is entitled to have the jury instructed in the law as applicable to all material questions of fact involved in the case and to have the law applicable thereto clearly, correctly, and fully stated; and if a court proceeds on his own motion, and employs his own language in the performance of this duty, he must state the law correctly and fully upon all questions of fact in evidence to which he directs the jury's attention; and, if he has overlooked any material question of fact to which evidence has been adduced, either party so

desiring may tender and request the giving of an instruction covering the omitted fact; and if the instruction so requested is pertinent, and correctly. states the law, and is tendered at the proper time, it is the duty of the court to submit it to the jury. Whether appellee had had such reasonable opportunity to know the defective condition of appellant's roadbed at the place of injury, as that a person of ordinary diligence and regard for his own safety would have taken notice of, was a material fact not covered by instruction nineteen given by the court, and is covered, and the law correctly stated, in number five requested by appellant, and refused. *Consolidated Stone Co.* v. *Summit, ante,* 297. In this case it is said: "To sustain such allegations, however, the evidence must show that the employe not only had no knowledge of the defect, but could not have known the same by the exercise of ordinary care."

For error of the court in giving to the jury instruction nineteen and refusing number five, requested by appellant, the judgment must be reversed. As the question upon the overruling of appellant's motion for judgment upon the answers to interrogatories, notwithstanding the general verdict, is not likely to arise upon a retrial of the cause, we deem it unnecessary to review it.

Judgment reversed, and cause remanded, with instructions to grant a new trial.