# CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY v. GLOVER, ADMINISTRATRIX.

[No. 18,741.   Filed May 11, 1900.]

MASTER AND SERVANT.—*Railroads.*—*Negligence.*—*Instruction.*—An instruction in an action against a railroad company for the death of an employe caused by the alleged negligence of defendant in maintaining a defective foot-board on its engine which gave way and caused the death of the employe, wholly ignoring decedent's knowledge of the defect, and authorizing a verdict for plaintiff even though the decedent may have had knowledge of the defect or danger, or could have had such knowledge by the exercise of ordinary care, was erroneous. *pp. 585-587.*

INSTRUCTIONS.—*Correction.*—An erroneous instruction cannot be cured by another instruction which correctly stated the law. *p. 587.*

NEGLIGENCE.—*Master and Servant.*—*Burden of Proof.*—In an action against a railroad company for the death of an employe caused by the alleged negligence of defendant in maintaining a defective footboard on its engine which gave way and caused the death of the employe, the burden of proving the decedent's want of knowledge of the defect, actual and constructive, was upon plaintiff, and not upon defendant. *pp. 587, 588.*

From the Greene Circuit Court.   *Reversed.*

*E. C. Field, W. S. Kinnan* and *Davis & Moffett,* for appellant.

*T. J. Brooks, S. B. Lowe* and *W. T. Brooks,* for appellee.

MONKS, J.—This action was brought by appellee against appellant to recover damages for the death of William D. Glover. The decedent was employed by appellant as a conductor of a stone train. His duties were to supply various stone quarries with empty cars to be loaded with stone, and to haul out loaded cars to the main track. At 6 o'clock a. m. on December 15, 1897, the decedent and his train crew left Bedford for their usual day's work. A few minutes after 9 o'clock they coupled engine number twenty-eight to some cars, and pushed them into the Hallowell quarry.

The decedent, his two brakemen, and a boy stepped onto the foot-board at the rear end of the engine tank, and the engine was started, running backwards out of the quarry. At a point on the switch about 300 feet from where the cars were left there was an embankment of dirt, stone and spalls, from three to five feet high, and thirty feet long; this embankment sloped downwards from the top to the end of the ties, at an angle of about forty-five degrees. At a point about the center of this embankment the end of the foot-board on which the decedent was standing struck a rock, or spall, splitting and breaking it; the decedent either jumped or fell against this embankment, and was so close to the track as to leave no room to escape, and he was run over by the engine, and killed. The jury returned a general verdict in favor of appellee, and also answers to special interrogatories. Appellant filed a motion for a new trial, which was overruled, and judgment rendered on the verdict against appellant.

One of the causes assigned for a new trial calls in question the correctness of instruction twelve given to the jury. The instruction reads as follows: "Or if you find from the evidence, by a preponderance thereof, that said engine twenty-eight had a foot-board which was negligently constructed by the defendant out of brash, brittle, and unsound timber, and insecurely placed, and that said Glover was using the said engine number twenty-eight at the time of his injury, in the line of his duty, and was on the said Hollowell switch, and that said engine was in motion, and that he was riding on said foot-board, giving due and reasonable attention to the duties of the occasion, and that at that time defendant company had permitted stone, rock, and debris of various kinds to be placed along said track, on either side thereof, for some distance on either side of the point where the accident is charged to have occurred, which stone, rock, and debris were placed within a foot of the rail of said track, and that said rock, stone, and debris

formed an embankment of a height of from four to five feet, rising at an angle of forty-five degrees, or thereabouts, and that the defendant company knew such debris, rock, and stone and embankment were there, and that while the said Glover was so in discharge of the line of his duty and was riding on said foot-board, the same collided with a stone, and that by reason of said foot-board being negligently constructed of brash, brittle, and unsound timber it broke and gave way when it collided with said stone, and that by reason of said breakage, and giving away of said board, the decedent was thrown, or caused to fall, over against said embankment, and that said embankment kept him from extricating himself from danger as he might have done had it not have been for said embankment, when he fell against it, causing him to rebound and fall under said engine, and that said engine passed over him, causing him such injury as resulted in his death, and that he was without fault therein, then you should find for the plaintiff."

It was alleged in the complaint that appellant had full knowledge of the defects mentioned in said instruction, and that the decedent had no knowledge thereof. Under the allegations of the complaint appellee was required to prove not only that the decedent had no knowledge of said defects, but that he could not have known them by the exercise of ordinary care.    *Consolidated Stone Co.* v. *Summit*, 152 Ind. 297, 299, 300, and cases cited; *Pennsylvania Co.* v. *Ebaugh*, 152 Ind. 531, 535.

It will be observed that said instruction wholly ignores the decedent's knowledge of the defects mentioned in said instruction, and directs a verdict in favor of appellee, even though the decedent may have had full knowledge of said defects or dangers, or could have had such knowledge by the exercise of ordinary care.    If he had knowledge of said defects and dangers, or could have had such knowledge by the exercise of ordinary care, then he assumed the risks resulting therefrom, if thereafter he voluntarily continued

in the service. *Consolidated Stone Co.* v. *Summit, supra, Pennsylvania Co.* v. *Ebaugh, supra,* and cases cited; *Cleveland, etc., R. Co.* v. *Parker, ante,* 153; *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561, 565, and cases cited; *Jenny Electric Light, etc., Co.* v. *Murphy,* 115 Ind. 566, 569, 570. See also *McFarlan Carriage Co.* v. *Potter,* 153 Ind. 107; *Quinn* v. *Chicago, etc., R. Co.,* 107 Iowa 710, 77 N. W. 464; 12 Am. & Eng. R. Cas. N. S. 512.

In *Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531, the trial court gave the jury an instruction which contained the element of actual knowledge on the part of the injured employe, but omitted any reference to his constructive knowledge, and this court said: "The objection urged against instruction nineteen is that it limited the plaintiff's assumption of risk to the defects in the road-bed of which he had actual knowledge. It is a rule of universal acceptance by the courts of this country that an employe assumes all the ordinary dangers of his employment, which are known to him, or which by the exercise of ordinary diligence would have been known to him."

As the said instruction twelve directed the jury in plain terms to find for the plaintiff if the facts therein stated were proved, without regard to the actual or constructive knowledge of decedent, it was clearly erroneous. Such an instruction could not be corrected by another which correctly stated the law; this could only be done by withdrawing the instruction from the jury, which was not done. *Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101, 109, and cases cited; *Wenning* v. *Teeple,* 144 Ind. 189, 194, and cases cited; *Clem* v. *State,* 31 Ind. 480.

Appellee insists that said instruction was harmless for the reason that the evidence and the answers of the jury to the special interrogatories show that the decedent had no actual or constructive knowledge of said defects. The jury answered interrogatories concerning the decedent's knowledge of the track, the condition of the banks, stones, and

spalls, and the proximity of the same to the track, but answered no interrogatories "concerning the decedent's knowledge, actual or constructive, of said foot-board being constructed of brash, brittle, and unsound timber and being insecurely placed." The burden of proving the decedent's want of knowledge, actual and constructive, was upon appellee, and not upon appellant. *Consolidated Stone Co.* v. *Summit*, 152 Ind. 297, 299, 300, and cases cited; *Cleveland, etc., R. Co.* v. *Parker, ante,* 153; *Pennsylvania Co.* v. *Ebaugh*, 152 Ind. 531, 535; *Ames, Adm.,* v. *Lake Shore, etc., R. Co.*, 135 Ind. 363.

We have read the evidence, and it is of such a character as required the court to submit to the jury the question whether or not the decedent had knowledge, actual or constructive, of the "brash, brittle, and unsound condition of said foot-board and its being insecurely placed." In such a case it cannot be said that said instruction was harmless. It follows that the trial court erred in overruling appellant's motion for a new trial. It is not necessary, therefore, to determine whether or not the answers to the interrogatories show that the decedent had no knowledge, actual or constructive, of the other defects mentioned in said instruction.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.