## The Terre Haute and Indianapolis Railroad Company v. Pruitt.

[No. 3,007. Filed June 28, 1900.]

**Master and Servant.**—*Railroads.*—*Negligence.*—*Instructions.*—An instruction in an action against a railroad company for personal injuries to a brakeman caused by the alleged negligence of defendant in maintaining a defective hand-hold on the side of a car which gave way when in proper use by plaintiff, wholly ignoring plaintiff's knowledge of the defect or danger, and authorizing a verdict for plaintiff even though the plaintiff had knowledge of the defect and danger, or could have had such knowledge by the exercise of ordinary care, was erroneous.  p. 230.

**Railroads.**—*Rules Governing Brakemen.*—*Compliance With Rules Required.*—A rule promulgated by a railroad company requiring that brakemen "examine and know for themselves that hand-holds and other parts and mechanical appliances which they are to use are in proper condition; and, if not, to put them so, or report them to the proper parties, and have them put in order before using," is a reasonable rule, and a brakeman who is furnished and is acquainted with such rule has no right to presume without examination that the railroad company has done its duty in properly maintaining such appliances.  pp. 229, 230, 232.

**Same.**—*Rules Governing Brakemen.*—*Instruction.*—*Burden of Proof.*—Where a brakeman was required by the rules of the company to examine and know for himself that all ladders, hand-holds and appliances which he was to use were in proper condition, and if not to put them so, it was erroneous, in an action by such brakeman for personal injuries caused by the giving way of a hand-hold, to instruct the jury that unless it was shown that the plaintiff had been given sufficient time to make the inspection, and provided with necessary tools therefor, he would not be bound by the rule, since by such instruction the plaintiff would be relieved of the burden the law places upon him to show his own want of knowledge of the defects.  pp. 233, 234.

From the Vigo Superior Court.  *Reversed.*

*J. G. McNutt, F. A. McNutt* and *D. Strouse,* for appellant.

*J. O. Piety* and *G. M. Crane,* for appellee.

COMSTOCK, J.—Appellee brought this action against appellant to recover damages for personal injuries alleged to have been received by him while in appellant's employ. The complaint is in one paragraph, a demurrer to which for want of facts was overruled, and the cause put at issue by general denial. A trial by jury resulted in a verdict in favor of appellee for $2,000. Appellant's motion for a new trial was overruled and judgment rendered for the amount of the verdict.

The only specification of the assignment of errors discussed is the action of the court in overruling appellant's motion for a new trial.

It is alleged, in substance, in the complaint, that on the 3rd day of January, 1896, defendant was the owner and operator of a line of railroad leading in and through the city of Terre Haute; that plaintiff was in its employ as a brakeman, whose duty it was, among other things, to couple and uncouple cars and give signals for the starting of the defendant's trains. That on said day plaintiff was one of a crew of men in charge of a certain train of defendant, consisting of a number of freight cars and locomotive, which train was about to depart from defendant's yards about Fourteenth street, in the city of Terre Haute, for points west; that just before said train departed, it was standing across said Fourteenth street; at said point, said train was cut in two portions in order to permit travelers on and along said Fourteenth street to cross defendant's road and right of way; that immediately before said train's departure, this plaintiff, in the discharge of his duties as brakeman, coupled the said portions of said train at said point; that immediately thereafter, at 5 o'clock a. m. on said 3rd day of January, 1896, while it was very dark, said train was started toward the west, and that then and there plaintiff stepped to the rear right-hand corner of one of the cars in said train, and was in the act of getting on said car and on top thereof; that on the right side of and near the rear

end thereof, a few feet above the bottom of said car, was a hand-hold two feet in length and extending lengthwise of said car, except the rear end being several inches higher than the front end thereof; that underneath the right-hand rear corner of said car was a foot-step; that on the rear end of said car and near the right-hand corner was a ladder reaching to the top of said car, all of which appliances were placed on said car for the purpose of enabling employes to get on and off the said car in the discharge of their duties, and the said ladder was so placed that it was necessary to use the said hand-hold and foot-step in mounting it. That plaintiff in order to get on said car placed his foot on said foot-step underneath the said corner of said car, and with his right hand took hold of the said hand-hold; that said hand-hold, at the end next to the rear end of said car, came loose, causing the plaintiff to fall down between said car and the one next following thereto on the track; that plaintiff's left hand was caught underneath the wheels of the last named car, and was mangled, bruised, lacerated, and crushed; that plaintiff received the injuries hereinbefore mentioned without any fault on his part, but wholly by the fault of the defendant, in this, to wit: That defendant carelessly and negligently permitted the said hand-hold to become loose, insecure, and unsafe, all of which was unknown by this plaintiff, and which was known to this defendant and could have been known by defendant by the exercise of reasonable care and diligence and inspection.

At the time of the accident appellee was forty years old, had been engaged in the business of railroading fourteen years, and employed as brakeman by the defendant about one year. The manner of the accident was proved substantially as alleged.

Appellee was furnished a book containing rules for brakemen. One of the rules, with which appellee was acquainted, contained the following: "They must examine and know for themselves that the brake-shafts and attachments, lad-

ders, running-boards, steps, hand-holds and other parts and mechanical appliances which they are to use are in proper condition; and, if not, put them so, or report them to the proper parties and have them put in order before using."

Counsel for appellant discuss the action of the court in giving to the jury instruction numbered two requested by appellee, modified by the court, and given as modified. This is made the seventh reason for a new trial. The instruction is as follows: "The court instructs you that defendant was in duty bound to exercise reasonable care in furnishing plaintiff reasonably safe appliances and machinery with which plaintiff might perform the work within the scope of his employment as that of brakeman; and plaintiff, under the law, had a right to presume that defendant had performed its duty in this respect; and if you should find that the defendant failed and neglected to perform such duty, and you should further find that by reason of such failure plaintiff was injured, and without any fault on his part, if you should so find from a preponderance of the evidence, then you should find for the plaintiff."

The objection urged to this instruction is that it omits the essential fact that plaintiff must be ignorant of the defect. It is claimed that freedom from fault and ignorance of the defect are distinct elements in cases of this kind. In the recent case of *Chicago, etc., R. Co.* v. *Glover,* 154 Ind. 584, this question is directly decided. In passing upon the correctness of an instruction given to the jury in the case last named, the court, by Monks, J., said: "It was alleged in the complaint that appellant had full knowledge of the defects mentioned in said instruction, and that the decedent had no knowledge thereof. Under the allegations of the complaint appellee was required to prove not only that the decedent had no knowledge of said defects, but that he could not have known them by the exercise of ordinary care. *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297, and cases cited; *Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531.

It will be observed that said instruction wholly ignores the decedent's knowledge of the defects mentioned in said instruction, and directs a verdict in favor of appellee, even though the decedent may have had full knowledge of said defects or dangers, or could have had such knowledge by the exercise of ordinary care. If he had knowledge of said defects and dangers, or could have had such knowledge by the exercise of ordinary care, then he assumed the risks resulting therefrom, if thereafter he voluntarily continued in the service. *Consolidated Stone Co.* v. *Summit, supra, Pennsylvania Co.* v. *Ebaugh, supra,* and cases cited; *Cleveland, etc., R. Co.* v. *Parker,* 154 Ind. 153; *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561, and cases cited; *Jenney Electric Light, etc., Co.* v. *Murphy,* 115 Ind. 566. See, also, *McFarlan Carriage Co.* v. *Potter,* 153 Ind. 107; *Quinn* v. *Chicago, etc., R. Co.,* 107 Iowa 710, 77 N. W. 464; 12 Am. & Eng. R. Cas. (N. S.) 512. In *Pennsylvania Co.* v. *Ebaugh, supra,* the trial court gave the jury an instruction which contained the element of actual knowledge on the part of the injured employe, but omitted any reference to his constructive knowledge, and this court said: "The objection urged against instruction nineteen is that it limited the plaintiff's assumption of risk to the defects in the road-bed of which he had actual knowledge. It is a rule of universal acceptance by the courts of this country that an employe assumes all the ordinary dangers of his employment which are known to him, or which by the exercise of ordinary diligence would have been known to him.' As the said instruction twelve directed the jury in plain terms to find for the plaintiff if the facts therein stated were proved, without regard to the actual or constructive knowledge of decedent, it was clearly erroneous." In addition to the authorities named in the foregoing opinion, we cite: *Kentucky, etc., Co.* v. *Eastman,* 7 Ind. App. 514; *Voris* v. *Shotts,* 20 Ind. App. 220; *New Kentucky, etc., Co.* v. *Albani,* 12 Ind. App. 497; *Indiana Ins. Co.* v. *Pringle,* 21 Ind. App. 559; *Pennsylvania Co.* v. *Witte,* 15 Ind. App. 583.

In *New Kentucky, etc., Co.* v. *Albani, suprà,* Gavin, J., speaking for the court, said: "But in suits by the servant against the master for his negligent failure to furnish a safe place or safe machinery or appliances for the servant's task, the law must now be regarded as settled in Indiana by repeated adjudications, that knowledge is an independent element of liability not included in the general averment of negligence or want of negligence." Under the authorities, the instruction must be held to be erroneous. Nor could this error have been corrected by other instructions given by the court, as claimed by counsel for appellee. The correction of such an error can only be made by the withdrawal of the erroneous instruction. This was not done. *Chicago, etc., R. Co.* •v. *Glover,* 154 Ind. 584; *Pittsburgh, etc., R. Co.* v. *Noftsyer,* 148 Ind. 101; *Wenning* v. *Temple,* 144 Ind. 189; *Clem* v. *State,* 31 Ind. 480; *McCole* v. *Loehr,* 79 Ind. 430; *Lower* v. *Franks,* 115 Ind. 334; *McCrory* v. *Anderson,* 103 Ind. 12; *Uhl* v. *Bingaman,* 78 Ind. 365. The lengthy quotation from *Chicago, etc., R. Co.* v. *Glover, supra,* and the additional authorities cited, make it unnecessary to say more upon this objection.

The portion italicized of the following part of this instruction is also objected to: "The court instructs you that defendant was in duty bound to exercise reasonable care in furnishing plaintiff reasonably safe appliances and machinery with which plaintiff might perform the work within the scope of his employment as that of brakeman; *and plaintiff under the law had the right to presume that defendant had performed its duty in this respect,*" etc. It is claimed that the court thus told the jury, in effect, that the plaintiff had the right to act upon the assumption that the defendant had done its duty, and that he was therefore excused from making any inspection for himself. Under the rule hereinbefore set out, it was the duty of appellee himself to examine the hand-holds. An employer may adopt reasonable rules for the conduct of his business. When brought to the knowledge

of the employe, they constitute an element of the contract of hiring. Where these rules are disregarded by an employe, there can be no recovery by the employe unless he shows that obedience would have augmented the danger, or that it would have been impracticable. *Pennsylvania Co.* v. *Whitcomb,* 111 Ind. 212.

In *Ft. Wayne, etc., R. Co.* v. *Gruff,* 132 Ind. 13, the Supreme Court seem to hold that the rule in question is a reasonable one. While ordinarily an employe has the right to assume that his employer has done his duty, as stated in the instruction, in view of the rule referred to, the instruction was erroneous in excusing plaintiff from its observance.

The giving of instruction numbered one, requested by appellee and given as modified by the court, is made the fifth reason for a new trial. The objection made to instruction numbered two, *supra,* viz., that it did not contain the statement of the want of knowledge of the defect on the part of plaintiff, applies to instruction numbered one. The same authorities are applicable to both. The same objection is made to instruction numbered three given to the jury; that is, that no mention is made that it is necessary for plaintiff to show that he did not know of the defect.

The giving of instruction number seven is made the fourteenth reason for a new trial. It is as follows: "The rule requiring brakemen to examine and know for themselves that the brake-shafts, and attachments, and ladders, and running-boards, steps, hand-holds, and other parts and mechanical appliances which they are to use, are in proper condition, cannot reasonably be applied at all times and under all circumstances; and I instruct you that, unless it is shown that the plaintiff was given sufficient time fully to examine and know for himself that the various parts of the train with which he had to work were in safe and good condition and that he was provided with such tools and instruments necessary for making a proper inspection to

inform himself as to the condition of these appliances, he would not be bound by the rule." Objection is made to the part of the instruction which states, "unless it is shown that the plaintiff was given sufficient time fully to examine and know for himself that the various parts of the train with which he had to work were in safe and good condition," etc. The objection is based upon the proposition that the burden was upon the plaintiff to show that he had neither actual nor imputed knowledge of the defective hand-hold; that this burden was never shifted. This position is well founded. The burden of a particular issue never shifts. *Fay* v. *Burditt,* 81 Ind. 433; *Carver* v. *Carver,* 97 Ind. 497; *Holt Ice Co.* v. *Arthur Jordan Co., post,* 314.

It is claimed, and we think fairly, that the manifest inference to be drawn from the expression "unless it is shown," etc., is that sufficient time should be shown by the defendant. Counsel for appellee, conceding for the sake of the argument that by this instruction the burden of proof was wrongfully put upon the defendant, claim that it was harmless, for the reason that the evidence conclusively shows that the plaintiff did not have sufficient time to make the inspection. Counsel for appellant claim that the evidence shows that appellee made no pretense of complying with the rule requiring him to make personal inspection. The evidence is of such a character that the question of the knowledge, actual or constructive, of the appellee of the defective hand-hold and his observance of the rule in question, should have been submitted to the jury upon instructions free from uncertainty as to the burden of proof.

As before stated, it is claimed in this case, as it was claimed in *Chicago, etc., R. Co.* v. *Glover,* 154 Ind. 584, that the error, if any, in the instructions discussed was cured by others given correctly stating the law. This argument is met in the case last named and the authorities therein cited. The insufficiency of the evidence to sustain the verdict is discussed earnestly and at length. The con-

clusion already reached renders it unnecessary to determine this question.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.