## 10957.　HIGHSMITH *v.* MOFFITT.

BROYLES, C. J. The petition as amended set out a cause of action and was not subject to any ground of demurrer interposed.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 27, 1920.

Action for damages; from city court of Savannah—Judge Freeman. September 18, 1919.

The petition of Marcus L. Moffitt against J. L. Highsmith, as amended, alleges: On April 11, 1919, the defendant operated a planing mill and employed Herbert Gary as foreman in charge of its operation, and the said foreman was the alter ago of the defendant. The plaintiff was on that day in the defendant's employ at the said plaining mill, working under the said Gary, operating a molding machine running 7/8 quarter round molding, and was new at this kind of work, having been first employed at it only three days before that day, and the defendant knew he was green and inexperienced when he was put to work on the machine. In the operation of the machine the shavings and raw edges of the lumber being manufactured sometimes catch in the machinery, and the machine becomes clogged. The said Gary instructed the plaintiff, in case the machine became clogged, to press down upon the feed-lever of the machine, and, if that did not relieve the trouble, then to go around the apparatus which removes the shavings and

see if he could locate the trouble, and take a wrench or piece of iron and knock against the part of the machine known as the presser foot, and, if the molding was away from the presser foot, to mash it back against the presser foot. Plaintiff was stationed at the western end of the machine, and there fed into it the pieces of lumber that were to be planed and molded. To get to the presser foot he had to leave his station, go around that part of the machine that conveyed away the shavings, and lean over a part of it that was flat in construction, similar to a table. In the part last mentioned, about three feet from the part which conveyed away the shavings, there was a gap about six inches wide, in which revolved two flat iron knives about ten inches long, each fastened on a shaft which was connected with the motive power of the machine; and when the machine was in operation these knives revolved at the rate of about 4000 revolutions a minute, and so rapidly that the knives were not apparent to one inexperienced who did not previously know they were there. The knives were not used in any work the plaintiff was doing or had been doing while in the defendant's employ, and should have been removed or covered over. The part of the machine which was doing the planing and molding was on the shaft which held the knives, but on the southern end of the shaft, next to the presser foot and at least six inches from the place where the plaintiff placed his hand and where the injury here described occurred. While he was running the machine on the day mentioned above, it became clogged, and, following Gary's instructions as detailed above, he pressed on the feed lever and upon the roller weight of the machine, but in neither instance was the trouble relieved. Then he went around the machine as aforesaid to locate the trouble and to strike the presser foot with a wrench which he had in his hand. He had to lean over the part of the machine constructed like a table as aforesaid, and to do this he had to rest the weight of his body on his left hand, and had to place his left hand on the table near the gap aforesaid. In the act of leaning over to see if he could locate the trouble and strike the presser foot he did not notice the gap, and, not knowing that the knives were there revolving as aforesaid, or that the gap contained an obscure and hidden danger, he did not pay particular attention to it, and as he placed his hand on the table to support himself as aforesaid his hand partly fell in the

said gap and instantly the knives revolving as aforesaid completely severed his hand about an inch above the knuckles, on a line with the thumb. A proper regard for the safety of the employees of the mill and one operating this machine would have demanded that the said gap in the machine be covered so as to prevent a person operating the machine from placing his hand in the gap where the knives were revolving. The plaintiff did not know that the knives were in the gap, and in the exercise of ordinary care he could not have known that they were there. They were not apparent to him. He did not have equal means with the defendant of knowing that they were there. The defendant knew the exposed knives were revolving in the gap, knew that the plaintiff was green and inexperienced, knew that the machine did not have a cover over the knives, and knew and in the exercise of ordinary care could have known that in the attempt to unclog the machine in the manner in which the plaintiff was instructed to do so, he would in all probability place his hand in the gap; and the defendant did not warn him of the said danger. The defendant was negligent: (1) in having and operating the unsafe machine as aforesaid; (2) in not warning the plaintiff of the danger from the said unsafe machine; (3) in placing an inexperienced operator at a place of danger without warning him of the danger incident to the work; (4) in that the said vice-principal and alter ego of the defendant directed the plaintiff in the manner of operating the machinery of the mill so as to place himself in a dangerous position, from which the alleged injury resulted to him; (5) in that the defendant, through the said vice-principal, negligently directed the plaintiff in the manner of operating the machine, made dangerous because the defendant failed to supply the machine with ordinary, necessary, and useful safeguards, so as to make the said machinery reasonably safe for all persons operating it with ordinary care and diligence. Each of the said acts of negligence concurred in causing the injuries complained of. Allegations are made as to the extent of the damage, and the plaintiff prays for damages in a stated sum.

The defendant demurred to the petition generally and specially, the demurrer was overruled, and he excepted.

*Seabrook & Kennedy,* for plaintiff in error, cited: 113 *Ga.* 80; 137 *Ga.* 704; 106 *Ga.* 568; 21 *Ga. App.* 602; 7 *Ga. App.* 584;

78 *Ga.* 260; 92 *Ga.* 495; 134 *Ga.* 713; 1 Labatt, M. &. S. 394 and cit.

*Osborne, Lawrence & Abrahams, D. S. Atkinson,* contra, cited: Civil Code (1910), § 3130; 88 *Ga.* 286 (2); 9 *Ga. App.* 738 (2); Shearman & Redf. Neg. (6th ed.) 621, 637, §§ 217, 219*a*; Labatt, M. & S. (2d ed.), §§ 1321-2, 1329-31; 129 *Ga.* 688; 127 *Ga.* 404; 98 *Ga.* 655; 5 *Ga. App.* 223 (2); 13 *Ga. App.* 799, 817; 1 *Ga. App.* 403. Distinguished: 92 *Ga.* 495; 134 *Ga.* 713.