*C. C. Nave* and — *Nave*, for appellant.

———————●———————

## MACE, EXECUTRIX, v. JACKSON.

CONTRACT.— *Substantial Compliance.*—*Parol Evidence.*—A claim was filed against an estate upon the following contract: " *Peter Longlois* v. *Antony Hedson.* Partition. I have a contingent fee in this case, to be paid in land by said Longlois in a recovery against Hedson. Now, if that fee amounts to one hundred acres of land, Alvernas Jackson, for his services in a compro-mise between said parties, is to have twenty-five acres of it; but if it only amounts to seventy-five acres, then he is to have ten acres, or its equivalent in money. Witness my signature, this 11th day of May, 1867. DANIEL MACE."

The compromise had been already effected, and the services performed by the plaintiff, Jackson, but it had been represented to him by Mace that the land amounted to three hundred acres, and of that number Mace was to receive seventy-five acres, and he hoped to change the compromise so as to receive one hundred acres. In this, however, he failed. Mace actually received one-fourth of two hundred and eighty-eight acres.

*Held*, that there had been a substantial compliance with the terms of the contract, and the plaintiff was entitled to recover the value of ten acres of the land.

*Held*, also, that parol evidence was admissible to give effect to the written instrument, by applying it to the subject-matter and proving the circumstances under which it was made.

APPEAL from the Tippecanoe Common Pleas.

BUSKIRK, J.—Jackson, the appellee, filed in the court below his amended claim, verified by affidavit, against the estate of Daniel Mace, in these words:

"The plaintiff, Alvernas Jackson, by way of amendment to his claim, says that the estate of Daniel Mace, deceased, is indebted to him as follows: He says that on the eleventh day of May, 1867, Daniel Mace, then in life, executed and delivered to the claimant a certain written agreement, in the words and figures as follows:

" '*Peter Longlois* v. *Antony Hedson.* Partition. I have a contingent fee in this case, to be paid in land by said Longlois, in a recovery against Hedson. Now, if that fee amounts to one hundred acres of land, Alvernas Jackson, for his services in a compromise between said parties, is to have twenty-five acres of it; but if it only amounts to seventy-five acres, then he is to have ten acres or its equivalent in money.

" 'Witness my signature, this 11th day of May, 1867.

(Stamp.) " 'DANIEL MACE.'

"That, as appears from the said agreement, this claimant was to have, in case the fee of the said Mace amounted to seventy-five acres of land, ten acres of it, or its equivalent in money. He further says that it was represented to him by the said Mace that he, the said Mace, was to have one-half of the land recovered by the said Longlois of the said

Hedson. He further says that a compromise had been effected between the said Longlois and Hedson, which was reduced to writing by the parties on the 9th day of May, A. D., 1867, two days previous to the execution of the said agreement, by the terms of which the said Longlois was to have the equal one-half part of the lands in controversy; and that the said Mace represented to this claimant that the entire amount of lands in controversy was three hundred acres. This claimant says that it was for services rendered in effecting the said compromise between the said Longlois and Hedson, and in which the said Mace was interested to the amount of one-half of the land so secured to the said Longlois; that he was to have ten acres of said land, or its equivalent in money, and that the promise in said agreement, that if the fee of the said Mace amounted to seventy-five acres, the claimant was to have ten acres of it, or its equivalent in money, referred wholly to a compromise already effected, and to services already rendered. He further says that the promise, that if the fee amounted to one hundred acres, the claimant was to have twenty-five acres, referred to a change which said Mace hoped to effect in the terms of the compromise, but which change was never effected. He further says that the above mentioned compromise between the said Longlois and Hedson was carried into effect, and that commissioners were appointed by the circuit court of this, Tippecanoe, county, who made partition of the lands in controversy in accordance with the terms of the said compromise, which said compromise and proceedings more fully appear in order-book No. 28, page 461, of the records of said court, to which reference is made. He further says that the said Daniel Mace died testate, bequeathing all his property, real and personal, to his wife, Mary Mace, excepting that at her death his homestead (which was no part of the property in controversy) was to become the property of his son Thomas. He further says that subsequently to the death of the said Daniel, and after the portion of the said lands had been set off to the said Longlois,

as aforesaid, the said Mary filed her petition to be made a party to the proceedings in said cause, to which petition the said Longlois entered his appearance; and that in accordance with the prayer of her petition, an equal one-half part of the land which had been set off to said Longlois was set off to the said Mary, and a commissioner was appointed to make deeds; which facts more fully appear by reference to the same book, page 466 and following pages. Which commissioner made and reported deeds for the partition of said lands to the said Longlois and to the said Mary, in accordance with the order and decree of said court. See order-book of said court, No. 29, page 180. The said claimant, therefore, says that the said fee of seventy-five acres has been paid either to the said Mace, or those claiming under him, except that there was an error in the representation of the said Mace as to the amount of the said land, of which he, the said Mace, was to receive the one-fourth part, there being in fact (as claimant believes) about two hundred and eighty-eight acres of said land. He further says that he has never received anything on account of this claim, either in money or in land, though he demanded payment after the land was set apart as aforesaid to the said Mary, and before filing this claim. He further says that the equivalent in money to the share in said land to be paid this claimant is two thousand dollars, and he asks an allowance for this amount."

To this claim the appellant demurred. The demurrer was overruled, and an exception was taken. The appellant then answered by the general denial. By the agreement of the parties the cause was submitted to the court for trial, and resulted in a finding for the plaintiff in the sum of eleven hundred and sixty dollars.

The court, over a motion for a new trial, rendered judgment on the finding.

Two errors are assigned by the appellant; first, that the court erred in overruling the demurrer to the complaint;

second, that the court erred in overruling the motion for a new trial.

Two objections are urged to the complaint; first, that the written contract or agreement to pay the appellee was contingent and not absolute; that it was necessary to aver that Mace had either received one hundred acres or seventy-five acres for his fee; and that the appellee was not entitled to receive anything under the contract, unless it was shown that Mace had either received one hundred or seventy-five acres. It is averred in the claim that the compromise had been effected when the agreement was made; that at the time the agreement was made, it was supposed that there were three hundred acres of land in controversy; that by the terms of Mace's contract with Longlois, he was to receive one-half of all the land that was recovered in said action by Longlois; that by the terms of the compromise then agreed upon, Longlois was to recover one-half of the land; that Mace had a hope that a change could be effected in said compromise, by which Longlois was to receive two-thirds of the land, but that such change was never effected; that there was less than three hundred acres of land in controversy, and that Mary Mace, as devisee of her husband, Daniel Mace, had, subsequent to his death, actually received, in value, one-half of the land recovered by the said Longlois.

We are of the opinion that the facts stated in the claim show that there has been a substantial compliance with the terms of the said contract.

It is, in the next place, maintained by the appellant, that the claim was defective as a cause of action, because it was based partly upon the written contract, and partly upon oral representations made at the time the contract was executed.

We recognize the rule that parol evidence is not admissible to vary, contradict, add to, or take from, a written instrument; but the rule is equally as firmly established, and strongly sustained by authority and on principle, that parol evidence is admissible to give effect to a written instrument, by applying it to the subject-matter, by proving the circum-

Mace, Executrix, *v.* Jackson.

stances under which it was made; and where there are equivocal expressions used in a written instrument, parol evidence is admissible to show in what sense they were used by the parties. *The Evansville, etc., R. R. Co.* v. *Shearer,* 10 Ind. 244; *Bradley* v. *The Washington, etc., Company,* 13 Pet. 89; 3 Stark. Ev. 1021; 1 Greenl. Ev. 325.

We are of the opinion that the parol allegations contained in the claim were not intended to vary, contradict, add to, or take from, the written instrument, but to give effect to the instrument, by showing what was intended and understood by the parties when they spoke of one hundred acres and seventy-five acres, by proving the circumstances under which the contract was made.

In our opinion, the court committed no error in overruling the demurrer to the cause of action. Much less strictness is required in a claim filed against an estate than in an ordinary complaint.

We are next asked to reverse the case on the weight of the evidence. We think the evidence fully sustained the finding, and would have justified a finding for a much larger sum. The witnesses all agreed that the land set apart to Longlois was worth at least two hundred and fifty dollars per acre. The appellee was entitled, under the contract, to ten acres, or its equivalent in value. According to the evidence, the equivalent of ten acres was twenty-five hundred dollars. We do not know upon what basis the court below rendered its finding, but we shall presume that the finding was correct. We are quite well satisfied that the appellant has no just cause to complain of the amount of the finding.

The judgment is affirmed, with costs.

*H. W. Chase* and *J. A. Wilstach,* for appellant.

*H. F. Blodgett,* for appellee.