THE FARMERS' INSURANCE COMPANY *v.* ROSS & LENNAN, PARTNERS.

R. and L. agreed that R. should furnish the ground for a brickyard, the clay to make bricks thereon, the lumber to protect the bricks while making, and the wood to burn them, and that L. should manufacture and burn bricks in the yard, and be at all the expense of so doing; when manufactured, each was to have a fixed proportion of the bricks, subject to a certain sum that R. was to have for every 100 000 bricks sold; the bricks were to be sold by either of the parties, and the proceeds divided according to the rights of the parties under the contract. *Held*, that R. and L. were partners, and jointly liable for a breach of a contract of sale made by either of them.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Knox county.

The action in the court of common pleas was brought by the Farmers' Insurance Company against Ross & Lennan, as partners, to recover back $400, which the former had

advanced to the latter on a contract by which the latter had agreed to deliver to the former 72,000 merchantable bricks, but had failed to do so.

Ross separately defended, on the grounds (1) that the plaintiff had made the contract with and paid the money to Lennan alone, and (2) that he (Ross) was not a partner of Lennan's.

In his answer, Ross set out the contract between himself and Lennan, under which the bricks in controversy were manufactured, and the same not being denied, he requested the court to charge the jury that the contract thus set out did not constitute Lennan and himself partners. The court refused to charge the jury as requested, but, on the contrary, charged that the contract so set out constituted the defendants partners. The contract so set out on the record is as follows: Ross was to furnish the ground for a brickyard, and the clay to make bricks thereon, and the lumber to protect them while making, and fuel to burn them; Lennan was to manufacture and burn brick in the yard, and was to be at all the additional expense of so doing. When bricks were thus manufactured, Ross was to have one-fourth of them and ten dollars in addition on each 100,000 bricks sold; and subject to this latter deduction, Lennan was to have the remaining three-fourths of all the bricks manufactured under the contract. Under the original contract, Ross was to sell all the bricks, and account to Lennan for his share or portion of the same; but this stipulation was subsequently modified so that either party had a right to sell and account for the bricks sold. Under the instructions of the court, there was a verdict and judgment in favor of the plaintiff, and against the defendants as partners, for the amount of money advanced, and interest.

On error, the district court reversed the judgment of the court of common pleas, on the ground that the court erred in the effect it gave to the contract.

By this proceeding a reversal of the judgment of the district court and an affirmance of that of the court of common pleas are sought.

*Critchfield & Graham*, for the motion, claimed that Ross & Lennan were partners, and cited Story on Partnership, 42, sec. 27; Collier on Part. 20, sec. 24; 5 Wend. 274; *Everett* v. *Chapman*, 6 Conn. 347; *Loomis* v. *Marshall*, 12 Conn. 70; 15 Conn. 73; 3 M. & W. 357; 4 Barn. & Cres. 867; 1 Rose, 297; 3 Kent Com. 24, sec. 43; 1 Parsons on Con. (4 ed.) 137, 138.

*McClelland & Culbertson*, for Ross, claimed that Ross was not a partner. 3 Kent Com. 22–25; Walker on Am. L. 227; Story on Con. 270, sec. 206; Story on Part. 22, sec. 18; Ib. 24, sec. 19; 1 Collier on Part. 11, sec. 11; Gow on Part. 1; *Harvey* v. *Childs & Potter*, 28 Ohio St.

Gilmore, J. Did the court of common pleas err in holding that, under the contract set out on the record, Ross and Lennan were partners in the manufacture of bricks?

The contract being set out and admitted, whether there was a partnership between them or not became a question of law, which it was the duty of the court to decide. *Everitt* v. *Chapman*, 6 Conn. 347.

A partnership exists when two or more persons contribute their property or services to be employed jointly in some enterprise or business, the profit or loss of which is to be shared among them in some fixed proportion. Walker's Am. Law, 227.

" Partnership is a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions." 3 Kent, 24.

The contract in question shows that each of the parties to it had agreed to contribute certain designated materials, skill, or labor to be used in the manufacture of bricks, and that the product was to be divided in certain proportions. But it is said that the product in this case was neither profit nor loss, and hence that this element of a partnership is

wanting.   Upon this point Mr. Justice Story says : " When each of the parties contributes labor and services and materials in the manufacture of any articles of trade, and the articles, when made, are to be equally or proportionably shared between them, they will be deemed partners *inter sese ;* for the articles manufactured, and so to be divided, may well be deemed the profits or losses of their joint undertaking and business." Story on Partnership, 46, sec. 27.   If this doctrine be correct, then the bricks, when made, were clearly partnership property, and would have been held to be so, although the parties may have contemplated a division of the bricks in the proportions mentioned in the contract.   But the ground upon which the decision in this respect is placed, is that a division of the bricks and a separate sale by each of his respective share was not contemplated by the parties nor provided for in the contract.   Indeed, the contract shows that such was not the intention of the parties.   They contemplated and provided for a joint sale of the bricks, and a division of the proceeds in accordance with the proportions fixed by the contract.   Under the contract as modified by the acts and consent of the parties, each had power to bind the other by a sale of bricks from the common stock, and each would have been held liable to account to the other for the proceeds of such sales. This feature, in connection with the other terms of the contract, clearly constituted the defendants partners for the purposes of sale and divisions of the proceeds thereof; and they would consequently be jointly liable for the breach of a contract of sale made by either of them.   There are cases which go further than this.   Thus, where two persons agreed to burn lime on shares, one to fill a kiln with stone, and the other to burn the kiln and furnish the necessary wood for that purpose, the lime to be equally divided between them, it was held that a technical partnership existed between the parties. *Musier* v. *Trumpbour,* 5 Wend. 274.  See also *Everitt* v. *Chapman,* 6 Conn. 347.   We think the court of common pleas properly held as a matter of law that the defendants were partners under the contract set out.   If

they were partners *inter sese*, they were also partners as to third parties. *Wood & Oliver* v. *Vallette & Lewis*, 7 Ohio St. 172.

Motion granted; judgment of the district court reversed, and that of the common pleas affirmed.