O'DONOHUE et al. v. BRUCE et al.

(Circuit Court of Appeals, Second Circuit. March 1, 1899.)

No. 54, October Term, 1898.

**1. PARTNERSHIP—JOINT ADVENTURE—EVIDENCE—QUESTION FOR JURY.**

P. & W. ordered a quantity of tea from plaintiffs, and, being advised to increase the order, made an arrangement with defendants to become interested in the purchase, and then doubled the order. Plaintiffs' evidence was that defendants and P. & W. agreed to buy the teas together on joint account, and that they were to sell the same, and render closed accounts of the venture to defendants; while defendants testified that they never consented to such an agreement, but that the arrangement was that each should take one-half of the teas, and pay one-half of the price, according to the terms of the sale. *Held*, that whether defendants and P. & W. were partners in the venture, and therefore liable to plaintiffs for the price of the teas, was for the jury.

**2. SAME—EVIDENCE—SETTLEMENTS.**

Where two firms joined in a venture for the sale of teas, evidence respecting the final accounts between them which related to a period subsequent to the time when their joint liability for the teas, if any, was fixed, is inadmissible, since whether they were partners, as to plaintiffs, from whom they purchased the teas, could not be affected by subsequent transactions between them.

**3. CIRCUIT COURT OF APPEALS—REVIEW—JURISDICTION.**

The circuit court of appeals is without authority to review the refusal of the lower court to set aside a verdict as contrary to the weight of evidence.

In Error to the Circuit Court of the United States for the Southern District of New York.

M. B. Naumberg and B. F. Einstein, for plaintiffs in error.

E. N. Taft, for defendants in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error brought by John V. O'Donohue and Charles A. O'Donohue, two of the defendants in the court below, to review a judgment for the plaintiffs entered upon the verdict of a jury. The action was brought by partners, trading under the name of Tait & Co., to recover the unpaid balance of the purchase price of 20,000 packages of teas, bought of plaintiffs in September, 1894, upon the order by cable of Purdon & Wiggin. The two O'Donohues constituted the firm of John O'Donohue's Sons, and were joined as defendants with the members of the firm of Purdon

& Wiggin upon the theory that the two firms purchased the teas upon a joint venture.

Upon the trial it appeared that, on September 21st, the plaintiffs had advised Purdon & Wiggin to increase an order theretofore forwarded by the latter for 10,000 packages of teas, to one of 20,000; and thereupon Purdon & Wiggin made an arrangement with John O'Donohue's Sons to become interested with themselves in the purchase. Thereafter, Purdon & Wiggin cabled the plaintiffs, increasing the order to 20,000, and offering terms which, with some modifications, were accepted by plaintiffs. Payment was to be made in drafts on London at six months. Evidence was also introduced, in behalf of the plaintiffs, tending to show that the agreement between Purdon & Wiggin and John O'Donohue's Sons was that evidenced by two letters from the former to the latter, dated, respectively, September 28, and October 5, 1894. In the first of these letters Purdon & Wiggin state that they now "confirm our verbal agreement as to the purchase together" of the 20,000 packages, upon terms as follows:

"Teas to be consigned to us, and for cost of same Messrs. Tait & Co. to draw direct on ourselves, at six months, in pounds sterling, payable in London; teas to be on joint account,—yourselves ½ interest, ourselves ½ interest; we to receive and sell the teas in usual, customary way, and to render you closed accounts of the venture, consulting with you from time to time as to sales of same; selling commission of one and one-half per cent. charged by us in account of sales, one-half of which we return to you in account current. Kindly confirm the above at your early convenience."

In the second letter Purdon & Wiggin wrote to John O'Donohue's Sons as follows:

"Referring to our letter under date September 28th, 1894, and your verbal conversation to-day with our Mr. Gould: It is now understood that the sentence in above-named letter reading 'selling commission of one and one-half per cent. charged by us in account sales, one-half of which we return to you in account current' is eliminated, and our joint agreement is as if the sentence had not been written in our September 28th letter. * * * Kindly send us confirmation of the same."

On the part of the defendants, evidence was introduced tending to show that they had not consented to the terms recited in the letters of September 28th and October 5th, but that the agreement between John O'Donohue's Sons and Purdon & Wiggin in respect to the purchase was that the former should pay half of the purchase price of the teas when the drafts became due, and the teas should then be divided, each firm to have half. Further evidence tended to show that, after the original agreement for the purchase and disposition of the teas had been made, and had been in force for some time, a new arrangement was made, by which the teas were to be divided, each firm taking half. It further appeared that the teas remained in the custody of Purdon & Wiggin until June, 1895, when John O'Donohue's Sons paid to them the balance due for their half of the purchase price, and the teas were divided. The only issue raised upon the trial was whether the two firms were jointly liable to the plaintiffs, and upon that issue the trial judge refused a motion by the defendants O'Donohue to direct a verdict in their favor, and submitted two questions of fact to the jury. These questions were as follows:

"First, did the defendants agree that the teas, or any part of them, might be sold at any time, by Purdon & Wiggin, for a price to be agreed upon, and the proceeds accounted for to John O'Donohue's Sons? Second, did the defendants agree that the teas should be divided in kind between Purdon & Wiggin and John O'Donohue's Sons, each firm to attend to the sale of its own share?"

The jury answered the first question in the affirmative, and the second in the negative. Thereupon the trial judge directed a verdict for the plaintiffs.

Error is assigned to the refusal of the trial judge to direct a verdict, and of his submission to the jury of the two questions of fact. It is entirely clear that there was a question of fact for the jury upon the evidence introduced by the parties. According to the testimony of the witness Goold, the original agreement between John O'Donohue's Sons and Purdon & Wiggin, by which the two firms became jointly interested in the purchase of the teas, and pursuant to which the order for the purchase was sent, was as recited in the letter of September 28th, except in respect to the selling commission. If he told the truth, the purchase was a joint venture, and the teas were to be sold on joint account. The proceeds would, therefore, have been joint funds. It would follow, as a legal proposition, that if, at any time before the parties had substituted for this agreement some other one, there had been a sale of the teas, or of part of them, by Purdon & Wiggin, John O'Donohue's Sons would have been entitled to share in the profits if a profit had accrued, and would have sustained their share of the loss if a loss had arisen. The accepted definition of a partnership is "the voluntary association of two or more persons in sharing the profits and bearing the losses of a general trade, or a specific adventure." The facts of this case, assuming them to be such as the evidence for the plaintiffs justified the jury in finding them, brought it within that definition. On the other hand, if the agreement under which the teas were purchased was that they were to be divided, each firm paying half the cost and taking half the teas, there was no partnership, and, in the absence of any other evidence tending to show a partnership, or to show that the O'Donohues had held themselves out to the plaintiffs as partners with Purdon & Wiggin in the purchase, the plaintiffs would not have been entitled to recover of them. If these conclusions are correct, the questions of fact submitted to the jury properly presented the questions upon which the case turned, and the findings of the jury covered every disputed material issue, and justified the court in directing a verdict for the plaintiffs. We conclude that the errors assigned are without merit.

Error is also assigned of the refusal of the trial judge to receive evidence respecting the state of the final account between Purdon & Wiggin and John O'Donohue's Sons. This evidence related to a period long after the time when the joint liability of the two firms, if there was any, was fixed. The rights of the plaintiffs could not be affected by the later transactions between them. The evidence did not tend to throw any light upon the original character of the joint venture. This court is without authority to review the decision of the court below in refusing to set aside the verdict as contrary to the weight of evidence. We find no error in the record, and the judgment is affirmed.