INDIANA NATURAL GAS & OIL COMPANY v. VAUBLE.

[No. 4,452.    Filed October 6, 1903.]

MASTER AND SERVANT.—*Defective Appliance.—Knowledge of Master.—Complaint.*—A complaint for personal injuries received by plaintiff while assisting in the laying of a pipe-line, under the direction of a foreman, which alleges that the injury occurred because of the weak and insecure condition of the blocking and scaffolding constructed by defendant's superintendent and foreman, is sufficient without alleging specifically that the defendant had knowledge of the defects. *p. 373.*

SAME.—*Defective Appliance.—Knowledge of Servant.—Instruction.—When Defective Instruction Not Cured by Others.*—In an action by a servant

for injuries sustained while in the employ of defendant in the laying of a pipe-line, charging that the cause of the injury was the defective construction of certain blocking and scaffolding, an instruction which undertakes to enumerate certain facts which, if proved, will authorize a verdict for plaintiff, is erroneous if it omits all reference to plaintiff's knowledge or means of knowledge of the defects; and such instruction is not cured by another instruction which states the law correctly. *pp. 374, 375.*

From Fulton Circuit Court; *Charles Kellison,* Special Judge.

Action by Henry Vauble against the Indiana Natural Gas & Oil Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. O. Johnson, H. A. Steis, M. M. Hathaway, G. W. Holman* and *R. C. Stephenson,* for appellant.

ROBINSON, C. J.—Suit for personal injuries. The complaint avers: That appellant was engaged in laying a ten-inch pipe-line which was made up of large joints of pipe weighing 800 to 1,000 pounds, and joined together at the ends with a coupling, requiring the assistance of a number of men; that appellee was in appellant's employ as a tongsman, his duty being, under the supervision of a superintendent and foreman, to use a pair of tongs and assist in coupling together the joints of pipe, and laying the pipes after put together; that in laying the line across the Tippecanoe river a temporary trestle or staging had been constructed upon which the joints were placed and fastened together preparatory to being lowered to the bed of the stream; that in the performance of this work, and under the direction of a superintendent, appellee and other employes working under the immediate direction of two foremen had carried onto the staging several joints of pipe and placed them on blocking placed by appellant to receive them, and had fastened the joints together, when, in the opinion of the superintend-

ent, it became necessary to remove a joint of the pipe, because defective; and to do this one of the foremen ordered appellee and others to move the pipe across to the other side of the staging; that while appellee and other employes were moving the pipe under the command and immediate direction of the foreman who had control and direction of the men, owing to the great weight of the joints of pipe resting on the blocking, and owing to the careless, negligent, defective, and insecure manner in which the blocking had been arranged and placed, such supports or blocking slipped, broke, and fell, letting the pipe and staging or blocking fall, and, in falling, the pipe and blocking fell upon appellee's foot and leg, injuring the same; that the fall of the pipe was because of the want of care, the ignorance and incompetence of the foremen and superintendent under whose immediate supervision and direction the blocking and scaffolding for the support of the pipe had been placed, "and in so carelessly placing it that it was weak and insecure, and in carelessly and unskilfully directing and ordering said pipe moved while resting on such insecure and weak supports; that the insecure and weak nature of the blocking placed to receive said pipe, and upon which it rested, being at the time unknown to the plaintiff at the time it fell, but was known to the defendant's foremen, Carr and Hart, and to the superintendent Nelson, or could have been known by them by the use of ordinary care and observation, and the fall of said pipe, and the consequent injury to the plaintiff, would not have occurred but for the carelessness and negligence of the defendant's superintendent and foremen in attempting to remove said pipe while on such insecure supports. Wherefore the plaintiff avers that the accident and injury so as aforesaid sustained by him were caused by the fault and negligence of the defendant, its superintendent and foremen, as aforesaid, and without fault or negligence on his part."

The pleading charges that the injury occurred because of the weak and insecure condition of the blocking and scaffolding constructed by appellant's superintendent and foremen for the support of the pipe. It is not the theory of the pleading that the material used in the construction of the blocking and scaffolding contained some latent defect which was known or could have been known to appellant, but that the blocking and scaffolding constructed to receive the pipe was weak and insecure from some cause not stated. It was this "insecure and weak nature of the blocking placed to receive the pipe" which was known to appellant's foreman and superintendent and unknown to appellee. It can not be said that the facts averred disclose that appellee had the same means and opportunity of knowledge as appellant had. It is not only averred that appellant's superintendent and foremen had knowledge of the weak and insecure nature of the blocking, but also that it was constructed under their immediate supervision and direction. The facts pleaded do not disclose an obvious defect or danger open to ordinary careful observation. It is not averred that appellee had no knowledge of the danger, and it is true that the averment of the want of knowledge must be as broad as the averment of knowledge on the part of appellant. But it is not averred that appellant knew the blocking and scaffolding were in danger of falling, and negligently failed to notify appellee of the danger. The charge is not that the blocking and scaffolding had, from some cause, become weak and insecure, but that appellant, by its superintendent and foremen, had constructed weak and insecure blocking and scaffolding for the support of the pipe. It would necessarily follow from this averment, without a direct averment to that effect, that appellant had knowledge of this weakness and insecurity. And it is averred that appellee did not know that the blocking and scaffolding were weak

and insecure. The complaint states a cause of action. *Big Creek Stone Co.* v. *Wolf,* 138 Ind. 496.

Complaint is made of the eighth instruction given to the jury: "Should you find and conclude from an examination of all the evidence in the case that the plaintiff has established and proved all the material allegations of his complaint, and that he has shown that he was in the employ of the defendant company, and that he was engaged in the work of the defendant, and in the line and scope of his duty at the time he received the injury complained of, and that such injury was occasioned by the falling of an iron gas pipe and its supports upon his foot and leg in the manner complained of, and that the fall of such pipe and subsequent injuries was occasioned by the giving way of the blocking or supports placed under said pipes, and that the blocking or supports was arranged and placed under the pipe by and under the direction of the defendant's superintendent, foremen, or boss having control and direction of the plaintiff at the time; and you further find that through the ignorance, want of skill, incompetence, negligence, or carelessness of such superintendent, foremen, or boss, the blocking and supports placed under said gas pipe was insufficient, or so carelessly placed and arranged that it was insufficient to support said gas pipe when being moved thereon under the direction of such superintendent, foreman, or boss, and that by reason thereof said supports and blocking fell over or slipped from position, and allowed the gas pipe, or the supports or blocking, to fall upon the plaintiff's leg or foot, by which the plaintiff was lamed and injured as complained of; and if you further find that the giving way or falling over of the blocking and supports and the fall of the pipe and injury to the plaintiff was not brought about or in any manner caused by the carelessness or negligence of the plaintiff, then your verdict should be for the plaintiff, and you should assess," etc.

An essential averment of the complaint was that appellee had no knowledge of the weak and insecure condition of the blocking and scaffolding. Such an averment repels not only actual knowledge, but also any implied knowledge. *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156. But to sustain such an averment appellee was required to prove not only that he had no knowledge of this defective condition, but also that he could not have known it by the exercise of ordinary care. If he did know it, or could have known it by the exercise of ordinary care, and voluntarily continued in the work, he assumed the risk. *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297; *Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531; *Cleveland, etc., R. Co.* v. *Parker,* 154 Ind. 153; *Chicago, etc., R. Co.* v. *Glover,* 154 Ind. 584.

The instruction undertakes to enumerate certain facts which, if proved, will authorize a verdict in appellee's favor. It omits appellee's knowledge of the weak and insecure condition of the blocking and scaffolding. It plainly directs the jury to find for appellee if the facts enumerated were proved. Under this instruction, appellee would be entitled to a verdict, even though he had full knowledge of the defective condition of the blocking, or could have had such knowledge by the exercise of ordinary care. Such an instruction is not cured by another which correctly states the law. It can be corrected only by withdrawing it from the jury. *Chicago, etc., R. Co.* v. *Glover, supra.*

The motion for a new trial should have been sustained. Judgment reversed.