## STEELE *v.* MICHIGAN BUGGY COMPANY.

[No. 6,991. Filed June 20, 1911. Rehearing denied June 7, 1912.]

1. APPEAL.—*Assignment of Errors.—Rulings on Motion to Strike Out Parts of Deposition.*—Rulings on a motion to strike out parts of a deposition cannot be considered as independent assignments of errors on appeal, but are proper grounds for new trial. p. 637.

2. EVIDENCE.—*Parol Evidence.—Explanatory of Writing.—Admissibility.*—Although parol evidence is not admissible to vary, contradict, add to or take from a written instrument, it is admissible to give effect to the instrument by applying it to the subject-matter and also to show in what sense any equivocal expressions in the writing were used by the parties. p. 638.

3. APPEAL.—*Ruling on Motion.—Motion Not in Writing.—Error Not Available.*—Assignments of errors in overruling a motion for new trial, based on rulings of the trial court on a motion to strike out parts of a deposition, are not available on appeal where such motion to strike out was not in writing. p. 638.

4. DEPOSITIONS.—*Motion to Strike Out.—Statute.*—Section 662 Burns 1908, Acts 1903 p. 338, relative to motions to insert new matter or to strike out parts of pleadings, depositions, etc., is mandatory in its requirements that such motions shall be in writing. p. 638.

5. PARTNERSHIP.—*Evidence.—Admissions.*—In an action where defendants are alleged to be doing business as a copartnership, and each of the defendants has filed an answer in general denial, an admission of either of the alleged partners is competent as against himself. p. 639.

6. WITNESSES.—*Impeachment.—Admissions.*—Where a defendant, testifying as a witness in behalf of his codefendant, denied the existence of an alleged partnership between them, his statements or admissions out of court to the contrary were properly admitted as affecting the weight to be given to his testimony. p. 639.

7. EVIDENCE.—*Admissible for Certain Purpose.—Limiting Effect.*—Where testimony is admissible for certain purposes only, the question of its effect and the purpose for which it should be considered by the jury are matters to be controlled by proper instructions. p. 640.

8. APPEAL.—*Instructions.—Exceptions in Gross.—Motion for New Trial.*—Where instructions are excepted to in gross, or the ground of the motion for new trial alleging error in giving or refusing instructions is in gross, and one of said instructions is sound, the error so relied upon in giving or refusing the same will not be available on appeal. p. 640.

9. PARTNERSHIP.—*Existence of Relation.—Actions.—Estoppel.—Evidence.*—The liability of a person not in fact a partner, but who has held himself out as such, or has permitted himself so to be held out as such, rests on the doctrine of estoppel, and the proof in such case must show all the elements sufficient to constitute the estoppel. p. 640.

10. ESTOPPEL.—*Estoppel In Pais.—Elements.*—To constitute an estoppel *in pais*, there must have been a representation or concealment of material facts made with a knowledge of the facts, and with the intention that the other party should act upon it, and the party to whom the representation was made must have been ignorant of the truth in the matter and must have been induced thereby to act. p. 642.

11. PARTNERSHIP.—*Existence of Relation.—Estoppel.*—In order to create a liability against one sought to be charged as a partner, on the ground that he has held himself out as a partner, the facts which constitute the holding out must have preceded the extension of credit on which recovery is sought and must have induced the giving of such credit. p. 643.

12. TRIAL.—*Liability of One Holding Himself Out as Partner.—Instruction.—Error Not Cured by Correct Instruction.*—Where defendant was sought to be charged as a partner on the ground that he had held himself out as such, an erroneous instruction which undertook to tell the jury what created a liability against him and omitted therefrom a necessary element constituting such liability, was not cured by another instruction correctly stating the law. p. 643.

13. TRIAL.—*Instructions.—Inconsistent or Misleading.*—Where two or more instructions are inconsistent and calculated to mislead the jury, or leave it in doubt as to the law, they are cause for reversal. p. 643.

14. TRIAL.—*Instructions.—Partnership.*—In an action against one charged as a partner, an instruction that "a partnership is a combination by two or more persons of capital, or labor, or skill, or some or all of these, for the purpose of business for their common benefit," was erroneous in that it omitted the element of co-ownership of the profits of the business, which is the ultimate and conclusive test of a partnership. p. 644.

15. APPEAL.—*Review.—Incomplete Instruction.—Prejudicial Effect.*—Where, in view of the evidence and the issues in the case, appellant may have been prejudiced by an instruction which was incomplete rather than erroneous, it will be cause for reversal, although it might not in every case constitute available error. p. 644.

From St. Joseph Circuit Court; *Walter H. Funk*, Judge.

Action by the Michigan Buggy Company against Charles Steele and another. From a judgment for plaintiff, the defendant, Steele, appeals. *Reversed.*

*Dudley M. Shively, Charles P. Drummond* and *Donald P. Drummond,* for appellant.

*M. L. Howell, V. G. Jones, D. D. Bates* and *Gilbert A. Elliott,* for appellee.

HOTTEL, J.—Action by appellee against appellant and Delos Metzger on note and account.

The complaint is in two paragraphs, each of which seeks to charge appellant and said Metzger as partners doing business under the firm name of "The Mishawaka Carriage and Harness Company," the first paragraph being an ordinary suit for a balance due on account for goods and merchandise sold and delivered to said firm in the sum of $278.76, and the second paragraph being on a note alleged to have been executed by said defendants, and which they failed to pay after protest. Total demand, $600. There was a separate answer of general denial by each defendant to each paragraph of the complaint, and a sworn answer of *non est factum* to the second paragraph by defendant Steele. On the issues thus formed, there was a trial by jury, and a verdict against both defendants in the sum of $517, on which judgment was rendered, and defendant Steele prayed an appeal, having first unsuccessfully moved for new trial.

The first and second assignments of errors relate to rulings on a motion to strike out parts of a deposition, and are proper grounds for new trial, but cannot be considered as independent assignments of errors. *National Bank, etc., Co.* v. *Dunn* (1886), 106 Ind. 110, 6 N. E. 131; *Burnett* v. *Milnes* (1897), 148 Ind. 230, 235, 236, 46 N. E. 64; *Capital Nat. Bank* v. *Wilkerson* (1905), 36 Ind. App. 550, 555, 76 N. E. 258.

This leaves as the only error properly assigned and presented, that of the ruling of the court on the motion for

a new trial. The first ground of this motion urged

2. calls in question a ruling on the admission of certain evidence. The question objected to related to a memorandum filed as an exhibit with a deposition, said memorandum being a "statement as a basis of credit made to the Mercantile Agency R. G. Dun & Co. for the use of its creditors," and the question was: "And why is the blank headed D. R. Metzger proprietor, if you know?" The question was objected to on the ground that the paper itself was the best evidence of its contents. The question did not ask for the contents of the memorandum or for any part of the same, and was not subject to the objections urged against it. The question and the evidence sought by the answer thereto were explanatory only, and in view of the questions and answers that had preceded the one objected to, we think the question was a proper one.

While it is settled law "that parol evidence is not admissible to vary, contradict, add to or take from a written instrument," yet it "is equally as firmly established, and strongly sustained by authority and on principle, that parol evidence is admissible to give effect to a written instrument, by applying it to the subject-matter, * * * and where there are equivocal expressions used in a written instrument, parol evidence is admissible to show in what sense they were used by the parties." *Mace* v. *Jackson* (1871), 38 Ind. 162, 166, 167. See, also, *Evansville, etc., R. Co.* v. *Shearer* (1858), 10 Ind. 244, 248, 249; *Clark* v. *Crawfordsville Coffin Co.* (1890), 125 Ind. 277, 280, 25 N. E. 288; *Thomas* v. *Troxel* (1901), 26 Ind. App. 322, 328, 59 N. E. 683.

The next grounds of the motion for a new trial, being numbers two, three and four of the errors presented

3. by appellant, relate to rulings on motion to strike out parts of a deposition, and are not available be-

4. cause such motion was not in writing. The statute requiring such motion to be in writing is mandatory.

§662 Burns 1908, Acts 1903 p. 338; *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651, 653, 67 N. E. 502.

The grounds for a new trial presented by errors six, seven and eight, relied on and urged by appellant, call in question the ruling of the court in the admission of certain evidence over the objections of appellant, and presents in a different form the same question attempted to be presented by the errors last above mentioned. This evidence was by way of deposition, and consisted in statements made by appellant's codefendant, Metzger, to the witness, tending to show the partnership between appellant and said Metzger, the ground of the objection being that "appellant cannot be bound by the statement of Metzger made in his absence," and "that the relation of partners cannot be established by the declaration of an alleged partner."

The questions and the evidence sought to be elicited thereby were not subject to the objections urged against them, because in this case the record discloses that both defendants, Steele and Metzger, had each filed a general denial to each paragraph of the complaint, and were, in fact, each insisting and had each so testified on the witness-stand, that the partnership relation did not exist between them.

Where each of the alleged partners has filed an answer in general denial, as in this case, the admission of either is competent as against himself. *Vannoy* v. *Klein* (1890), 122 Ind. 416, 23 N. E. 526; *Cook* v. *Frederick* (1881), 77 Ind. 406; *Bennett* v. *Holmes* (1869), 32 Ind. 108.

Metzger having testified in the case, in behalf of Steele, that no partnership existed between himself and Steele, his statements or admissions out of court, to the contrary, were proper as affecting the weight to be given to his testimony at the trial. *McAfee* v. *Montgomery* (1898), 21 Ind. App. 196, 201, 51 N. E. 957; *Moelering* v. *Smith* (1893), 7 Ind. App. 451, 456, 34 N. E. 675.

The question of the effect of the testimony and the purpose

for which it should be considered by the jury was a matter to be controlled by proper instructions.

The questions next presented by appellant in his brief relate to the giving of certain instructions by the court on its own motion, and at the request of appellee, and the refusal of certain instructions requested by appellant.

It is insisted by appellee that in the grounds for new trial the alleged error in giving these instructions is joint, and that, therefore, no available question is presented as to each individual instruction, unless each is erroneous.

It is well settled that if instructions be excepted to in gross, or if the ground of the motion for new trial alleging error in giving or refusing instructions be in gross, and one of said instructions be sound, the error so relied upon in giving or refusing the same will not be available on appeal. *Ohio, etc., R. Co.* v. *McCartney* (1890), 121 Ind. 385, 387, 388, 23 N. E. 258; *Sutherlin* v. *State* (1886), 108 Ind. 389, 392, 9 N. E. 298.

But, in the case at bar, we think both the exceptions saved to the instructions given and refused, and the ground for new trial, on which error is predicated in giving and refusing the same, are specific and definite as to each, and designate and present for the consideration of this court the correctness of each instruction given and refused.

The first instruction objected to by appellant is number four, given by the court of its own motion, and is as follows:

"In this case there are two questions or elements for you to consider in deciding the question whether the defendant Steele is liable to the plaintiff, as claimed by the plaintiff: First, whether or not the partnership actually existed between Mr. Metzger and Mr. Steele. And if you find that such a partnership did exist, and the goods were bought from the plaintiff for the use in the partnership business, and within the scope of the partnership business, then your verdict should be for the plaintiff against the defendants; Second, If you find that no partnership actually

existed between the defendants, then the second element for you to consider is whether or not the defendant Steele so acted, or permitted others to act, as to lead the Michigan Buggy Company to reasonably believe that he was a partner with him in the business; and if you find that he did so act as to reasonably lead the Michigan Buggy Company to believe that he was a partner in the business, even though in fact he was not such a partner, he would still be liable to the plaintiff in this case. In determining whether or not the acts of Steele were such as to reasonably lead to a belief that he was a partner in the business, you have a right to take into consideration every act and statement of Mr. Steele to the Michigan Buggy Company, and every act of Metzger and statement made by him to the Michigan Buggy Company, if said act or statement was made with the knowledge or consent of Mr. Steele, which might reasonably lead to the belief that he was an actual partner in the business.''

In considering this instruction, it must be kept in mind that the only question in this case was whether defendant Steele should be held liable as a partner on the note and account sued on. There was no denial, in fact, that the Mishawaka company got the merchandise on which the account was predicated; nor was there any denial by said Metzger that the note sued on in the second paragraph of complaint was executed by him in the name and style of the ''Mishawaka Carriage and Harness Company.''

This instruction is prefaced with a statement to the jury that there were two questions for it to consider in determining whether defendant Steele was liable to plaintiff, and then correctly tells the jury, first, what will authorize a recovery in case they find that a partnership actually existed between Metzger and Steele. The instruction then attempts to tell the jury what is necessary to make defendant Steele ''*liable* to the plaintiff in this case'', even though no partnership existed, and it became important and necessary

that the instruction on this branch of the case should be complete, and contain therein every element necessary to constitute such liability. *Indiana Nat. Gas, etc., Co.* v. *Vauble* (1903), 31 Ind. App. 370, 374, 375, 68 N. E. 195; *Voris* v. *Shotts* (1898), 20 Ind. App. 220, 224, 50 N. E. 484; *Wyman* v. *Turner* (1896), 14 Ind. App. 118, 123, 42 N. E. 652.

The doctrine of estoppel furnishes the basis on which one person, not in fact a partner of another, may by his own acts or conduct, or by acquiescence in such other person's acts and conduct, bind himself as such partner. Or, in other words, the liability of a person not in fact a partner, but who has held himself out as such, or has permitted himself so to be held out as such, rests on the doctrine of estoppel, "and the proof in such case must show all the elements sufficient to constitute the estoppel." *Breinig* v. *Sparrow* (1907), 39 Ind. App. 455, 461, 80 N. E. 37; 3 Elliott, Evidence §2558.

"To constitute an estoppel *in pais,* the following elements must appear, viz.: (1) A representation or concealment of material facts; (2) the representation must have been made with a knowledge of the facts; (3) the party to whom the representation was made must have been ignorant of the truth of the matter; (4) the representations must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced thereby to act." *Farmers Bank* v. *Orr* (1900), 25 Ind. App. 71, 84, 55 N. E. 35. See, also, *Roberts* v. *Abbott* (1891), 127 Ind. 83, 89, 26 N. E. 565; *Kuriger* v. *Joest* (1899), 22 Ind. App. 633, 637, 52 N. E. 764, 54 N. E. 414.

The instruction above quoted as given in this case entirely leaves out of account the third and fifth elements above quoted as necessary to constitute an estoppel, and yet, with these elements left out, the court tells the jury that defendant Steele "would still be liable to the plaintiff in this case".

The concluding part of the instruction is also open to

objection and criticism, in that it tells the jury that in determining whether the acts of defendant Steele were such as reasonably to lead to the belief that he was a partner, they have a right to take into account every act and statement of Steele to the appellant, and of Metzger as well, if made with the knowledge or consent of Steele, without regard either to the time of making such statement or to its being the inducing cause of the credit given.

The facts and conduct which constitute the holding out of the person sought to be charged as a partner in order to create liability as against such person in favor of 11. the person seeking to charge him with such liability must have preceded the extension of credit on which recovery is sought, and must have induced the giving of such credit. 3 Elliott, Evidence §2558; 9 Ency. Evidence §§549, 550; *Breinig* v. *Sparrow, supra.*

Appellee insists that appellant was not harmed by the giving of said instruction, because other instructions were given by the court containing said omitted elements 12. of estoppel. This instruction having undertaken to tell the jury what created a liability against appellant in favor of appellee, and omitting therefrom a necessary element constituting such liability, could not be cured by another instruction correctly stating the law. *Indiana Nat. Gas, etc., Co.* v. *Vauble, supra; Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, 587, 57 N. E. 244; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 109, 47 N. E. 332; *Wenning* v. *Teeple* (1896), 144 Ind. 189, 194, 41 N. E. 600.

If two or more instructions are inconsistent and calculated to mislead the jury, or leave it in doubt as to 13. the law, they are cause for reversal. *Pittsburgh, etc., R. Co.* v. *Noftsger, supra; Wenning* v. *Teeple, supra.*

Objection is also made to instruction one and one-half, given at the request of appellee, which is as follows: "A partnership is a combination by two or more persons of capi-

tal, or labor, or skill, or some or all of these, for the purpose of business for their common benefit. While this instruction defines partnership in the language used by one of the authorities on partnership, and occasionally quoted in the decisions of other states, it lacks an element which we think essential under the authorities of this State, and, in fact, under the authorities generally, viz., the *coöwnership of the profits of the business.*

In the case of *Breinig* v. *Sparrow, supra,* this court said on this subject, at page 461: "The ultimate and conclusive test of a partnership is the coöwnership of the profits of the business. If there is community of profits, a partnership follows. Community of profits means a proprietorship in them, as distinguished from a personal claim upon the other associate. In other words, a property right in them from the start in one associate as much as in the other." To the same effect are the following cases: *Bradley* v. *Ely* (1900), 24 Ind. App. 2, 5, 56 N. E. 44, 79 Am. St. 251; *Macy* v. *Combs* (1860), 15 Ind. 469, 471, 77 Am. Dec. 103; *Ward* v. *Thompson* (1859), 22 How. 330, 331, 16 L. Ed. 249; *Farmers Ins. Co.* v. *Ross & Lennan* (1876), 29 Ohio St. 429, 431; *O'Donohue* v. *Bruce* (1899), 92 Fed. 858, 860, 35 C. C. A. 52; *McMurtrie* v. *Guiler* (1903), 183 Mass. 451, 67 N. E. 358; *Ryder* v. *Wilcox* (1869), 103 Mass. 24; *Meehan* v. *Valentine* (1892), 145 U. S. 611, 12 Sup. Ct. 972, 36 L. Ed. 835.

We do not think that a business engaged in by two or more persons, who combine their capital, labor or skill for the purposes of a common benefit, is necessarily a partnership within the definition above quoted, and recognized by this court and the Supreme Court.

While this instruction may be said to be incomplete rather than erroneous, and might not in every case constitute available error, yet, in view of the evidence and the issues in this case, we think that it was important that the instruction which attempted to define a partnership should have contained the element of a coöwnership of the

profits of the business, and appellant may have been preju-
diced in his defense by its omission.

Objections are urged to other instructions given, but as
the case must be reversed and a new trial ordered on account
of the error in giving those already discussed, we deem it
unnecessary to consider the others.

Judgment reversed, with instructions to the court below
to grant a new trial.

NOTE.—Reported in 95 N. E. 435. See, also, under (1) 2 Cyc.
999; (2) 17 Cyc. 662, 728; (3) 29 Cyc. 941; (4) 13 Cyc. 973; 28
Cyc. 6; (5) 30 Cyc. 408; (6) 40 Cyc. 2687; (7) 38 Cyc. 1340; (8)
38 Cyc. 1796; (9) 30 Cyc. 390; (10) 16 Cyc. 722; (11) 30 Cyc.
394; (12) 38 Cyc. 1782; (13) 38 Cyc. 1602, 1604; (14) 38 Cyc.
1686; 30 Cyc. 592; (15) 38 Cyc. 1778. As to the admission of
parol evidence to explain, rather than to vary, written instruments,
see 122 Am. St. 546; 11 Am. St. 894. As to the admissibility of
proof of prior contradictory statements of a witness, see 82 Am. St.
39. For a discussion ot the persons as to whom an ostensible part-
ner is estopped to deny the partnership relation, see 10 Ann. Cas.
135.