## LaValle et al. v. Fox, Administrator.

[No. 11,147. Filed March 16, 1922.]

1. EVIDENCE.—*Mortgage.*—*Ambiguities.*— *Parol Evidence.*— *Admissibility.*—Where a mortgagee accepted a mortgage "without further liability to mortgagor," and the mortgagor agreed "to pay the money secured without relief from valuation laws," such provisions were contradictory, ambiguous and subject to explanation by parol evidence. p. 33.

2. EVIDENCE.—*Parol.*—*Admissibility.*—*Terms of Mortgage.*—*Explanation.*—In an action on a claim against a decedent's estate, parol evidence was admissible relative to decedent's refusal to make an exchange of real estate and to execute a note and mortgage upon that received, unless a provision was inserted releasing him from any personal liability, as such evidence did not vary or contradict the note and mortgage, but simply gave effect to them by showing the intent of the parties. p. 35.

3. APPEAL.—*Questions Reviewable.*—*Exclusion of Evidence.*— *Failure to Except and to Make Offer to Prove.*—Rulings of the trial court excluding evidence cannot be reviewed on appeal in the absence of exceptions to such rulings, and where the record shows no offer to prove. p. 36.

From Whitley Circuit Court; *Arthur F. Biggs,* Judge.

Action by John H. LaValle and others on a claim against the estate of Isaac R. Duggins, deceased, opposed by Frank E. Fox, administrator. From the judgment rendered, the plaintiffs appeal. *Affirmed.*

*E. K. Strong* and *R. A. Strong,* for appellants.

*Benton E. Gates* and *Luke H. Wrigley,* for appellee.

McMAHAN, J.—Appellants filed their claim against the estate of Isaac R. Duggins to recover the amount alleged to be due on a promissory note signed by the decedent and payable to appellants, and dated July 15, 1915. Appellee filed answer in four paragraphs. The first was a general denial. The second admits the execution of the note and alleges that it was executed in connection with an exchange of real estate between appellants and the decedent, and was secured by a mort-

gage upon certain described eighty acres of real estate in Michigan, which appellants at said time conveyed to said decedent; that at the time of said conveyance and when said note and mortgage were executed it was agreed and understood by and between appellants and said decedent that said decedent should not be liable and responsible upon said note except in so far as the real estate described in said note was concerned, and that there was to be no personal liability whatever upon said note; that there was written into said note the provision that the mortgage was made and accepted by appellants "without further liability to the mortgagor;" that there was written into the note the following statement: "Mortgage note on land in Michigan in section fifteen (15) in Newaygo county subject to mortgage clause;" that said mortgage and note were made with the understanding and agreement that there was to be no personal liability on the part of said decedent upon said note, and in case the note was not paid, appellants' only recourse was to the land secured by the mortgage. The third paragraph is, for all practical purposes, the same as the second. The fourth paragraph alleges want of consideration.

Appellants demurred to the second and third paragraphs of the answer. The cause was tried by the court and resulted in judgment and finding in favor of appellee that appellants were not entitled to have their claim allowed against the estate, but without prejudice to the right of appellants to foreclose the mortgage.

The errors assigned by appellants relate to the action of the court in overruling the demurrers to the second and third paragraphs of the answer and in overruling their motion for a new trial.

Appellants' main contention is that the second and third paragraphs of the answer seek to overthrow and contradict a written instrument by parol evidence. Ap-

LaValle *v.* Fox, Admr.—78 Ind. App. 31.

1. pellants insist that the contract between appellants and the decedent consisting of the note and mortgage is clear and unambiguous, and that parol evidence is inadmissible to explain, vary or alter its terms. Appellants in effect concede that where a contract is ambiguous and it is not possible for the court to determine its effect without resort to parol evidence, that such evidence may be admitted to explain it, but they contend that such evidence cannot be resorted to, to so change or modify it that the maker may avoid liability. In this connection it is proper to observe the provisions of the note and the mortgage in order to ascertain whether there is any ambiguity in the agreement of the parties. As heretofore stated, the note contains the statement: "Mortgage note on land in Michigan in section fifteen (15) in Newaygo county subject to mortgage clause." And the mortgage contains the statement: "This mortgage is made and accepted by the mortgagee without further liability to mortgagor and the mortgagor expressly agrees to pay the money secured without relief from valuation laws."

Appellants and decedent exchanged real estate, and in connection therewith the note and mortgage were executed at the same time. They must therefore be construed together. The note refers to the mortgage and indicates that it is subject to a clause contained in the mortgage. An examination of the mortgage presents the anomalous situation of appellants accepting the mortgage "without further liability to the mortgagor," and of the mortgagor expressly agreeing "to pay the money secured without relief from valuation laws," provisions contradictory in themselves, ambiguous, and subject to explanation. Under the allegations of the answers, we hold that parol evidence could properly be considered by the court to explain the ambigu-

ous expressions in the mortgage, and that there was no error in overruling the demurrers to the answers.

The next contention is that the decision of the court is not sustained by sufficient evidence. The facts, as disclosed by the evidence, are in substance as follows: Appellants were the owners of a 160-acre tract of land in Michigan, worth from six to eight dollars an acre. They were desirous of exchanging said land for a house and lot in Indiana, the title of which was held by a person other than the decedent. There was a mortgage on this house and lot, and it was agreed that appellants would accept a conveyance of said house and lot subject to the mortgage thereon, and in exchange therefor would convey to the decedent the land owned by them in Michigan subject to a mortgage to be executed by said decedent in an amount equal to the mortgage on the house and lot. The decedent, after examining the Michigan land, refused to make the exchange and give the note sued upon and the mortgage, unless there was a provision in the note and mortgage releasing him from any personal liability by reason of the execution of such note and mortgage, stating that the Michigan land was simply trading property and that if he was successful in trading or disposing of it, he did not want to be personally liable for the amount of the note and mortgage, that the land itself would be the limit of his liability. Appellants at first objected to such a provision being placed in the note and mortgage, but afterwards consented thereto, and thereupon the words, "This mortgage is made and accepted by the mortgagee without further liability to the mortgagor," were, prior to the execution of the note and mortgage, inserted in the mortgage, and the statement on the note relative to the mortgage clause was written on the note. The decedent during his life time paid interest on the mortgage debt to July 15, 1918. In 1918, the decedent wrote a letter

to appellants in which he stated that it would be impossible to take care of the mortgage at that time since he was "tied up financially with more property than money," and expressing a hope that appellants would give him an extension of time. The decedent died the owner of the real estate secured by the mortgage and without having paid the note sued on.

The note involved in this action was in an amount equal to one-half of the encumbrance on the house and lot, there having been another note (but not involved in this action) for the same amount, which was secured by a mortgage on the other eighty acres conveyed by appellants to the decedent. The latter note and mortgage were identical in form with the note and mortgage involved in this action.

As said by the court in *Mace, Exrx., v. Jackson* (1871), 38 Ind. 162, 166: "We recognize the rule that parol evidence is not admissible to vary, contradict, add to, or take from, a written instrument; but the rule is equally as firmly established, and strongly sustained by authority and on principle, that parol evidence is admissible to give effect to a written instrument, by applying it to the subject-matter, by proving the circumstances under which it was made; and where there are equivocal expressions used in a written instrument, parol evidence is admissible to show in what sense they were used by the parties."

We are of the opinion that the parol evidence introduced relative to the refusal of the decedent to make the exchange of real estate and to execute the

2. note and mortgage, unless there was a provision inserted releasing him from any personal liability on account of the note and mortgage, did not vary, contradict, add to, or take from the note and mortgage, but simply gave effect to them by showing what was intended by the parties when they wrote the statements

in the note and mortgage concerning the exemption of the decedent from any personal liability, by showing the circumstances under which said statements were inserted in the note and mortgage. *Steele* v. *Michigan Buggy Co.* (1911), 50 Ind. App. 635, 95 N. E. 435. Such evidence was properly admitted and is sufficient to sustain the finding of the court.

Appellants also contend that the court erred in refusing to permit each of them to testify as witnesses in certain matters which occurred in the lifetime of the decedent, and testified to by the witnesses Hull and Emerson, who were the agents for the decedent in the exchange of the real estate. No exception appears to have been taken to the action of the court in this matter, and an examination of the record fails to show that any offer to prove was made.

Appellant further contends that the decedent, by paying the interest on the note and by the letter asking for an extension of time, placed a construction upon the provisions of the note and mortgage, and that his estate must be bound by that construction. This evidence, however, is not in our opinion so clear and convincing that we can say, as a matter of law, that the court erred in its decision based upon the evidence as a whole.

No reversible error being shown, the judgment is affirmed.