No. 7409.

COOK ET AL. *v.* FREDERICK ET AL.

PARTNERSHIP.—*Evidence.*—Notes given to persons having dealings with a firm, if signed by a firm name, are competent evidence, as tending to prove a partnership; and so individual notes given to persons in the course of the business in which it is alleged the parties were partners. are competent evidence to prove individual responsibility only.

SAME.—*Judgment.*—*Harmless Error.*—In an action against parties alleged to be partners, a record of a foreclosure judgment against one of them in favor of the other is inadmissible in evidence upon the question of their partnership, and could have no effect either for the defendants or in favor of the plaintiff, and its admission was therefore harmless,. and will not warrant a reversal of the judgment by the plaintiff.

From the Dearborn Circuit Court.

*S. H. Spooner, F. Adkinson* and *G. M. Roberts,* for appellants. .

BICKNELL, C. C.—This was an action by the appellants against the appellees, as partners, upon an account for goods sold and delivered.   The defendant Frederick was defaulted ; the defendant Oester answered by a general denial.   The issue was tried by a jury, who returned a verdict in favor of the defendant Oester, and assessed damages against Frederick at $227.94.   The plaintiffs' motion for a new trial was overruled, and judgment was rendered upon the verdict.   The plaintiffs appealed, assigning for error the overruling of the motion for a new trial.   One of the reasons alleged for a,

new trial is the admission of certain documentary evidence offered by the appellees.    This is the only error alluded to in the appellants' brief.

The business in which the partnership was alleged to exist was operating a distillery.  The appellants had introduced evidence tending to prove the partnership.  The appellees then introduced witnesses who had supplied the distillery with coal and barrels, and whose testimony tended to show that Oester was not a partner, but was only advancing money to Frederick and signing notes for him as surety.    The defendants then proved the execution of three notes, and offered them in evidence.   The notes were as follows :

1st.  A note, dated January 8th, 1876, signed by Frederick, and payable one day after date to the order of Oester, for $509.62.

2d.  A note, dated February 3d, 1876, signed by Frederick & Oester, a joint and several note, payable ninety days after date to the order of Wesler & Bros., for $329.

3d.  A note, dated December 15th, 1875, payable one day after date to the order of Joseph Backert, for $206.75, and signed by Nicholas Oester.

To the introduction of these notes the appellants objected :

1st.  Because they were irrelevant and immaterial;

2d.  Because the appellants could not be in any way affected by the manner in which the notes of the defendants were executed, that being purely a matter of private arrangement and agreement between the defendants ;

3d.  Because it was not shown that the plaintiffs had any knowledge of the execution of said notes, and were not parties thereto.

The court overruled the objection, and admitted the notes in evidence.

The appellants' counsel, in their brief, say that these notes were not admissible, because the appellants were not present at their execution.  It appeared that the notes were given,

in the business of the distillery, to persons having dealings therewith. Such notes, if signed by a firm name of the appellees, would be competent evidence for the appellants, as tending to show a partnership, and so such notes, given to persons having dealings with the distillery, for the liabilities of the distillery, were competent evidence for the appellees, as tending to show individual responsibility only.

The other evidence objected to was the record of a judgment in a foreclosure suit, in which Nicholas Oester was plaintiff and Kosmos Frederick and wife were defendants, the judgment being in favor of Oester for $18,763.02; it does not appear when the judgment was rendered, but the record recites that the mortgage was dated in September, 1875. None of the files in the suit were offered in evidence, but the only objections, made upon the trial, to the admission of the said record were:

1st. That it was irrelevant and immaterial.

2d. That the appellants not being parties to the record could not be bound by it, and that the same was not evidence against them for any purpose.

The record was clearly inadmissible. The appellants were not bound by it, and, whether they were bound or not, the record had nothing to do with the question of partnership and could not have any effect at all against the appellants, or in favor of the appellees. The admission of it in evidence was therefore a harmless error, and it will not warrant the reversal of the cause.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is, therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.