DIDDEL ET AL. *v*. AMERICAN SECURITY COMPANY ET AL.

[No. 12,678. Filed March 29, 1928. Rehearing denied June 5, 1928. Transfer denied July 14, 1932.]

640

*William S. McMaster* and *W. J. Sprow,* for appellants.
*Chase Harding,* for appellee.

Per Curiam—This was an action by the American Security Company against Glenn A. Diddel, Estelle Diddel, and William H. Diddel, partners doing business under the name and style of Franklin Motor Company, and the Lee Auto Company and Claude E. Lee.

The complaint was in three paragraphs, to the third of which a demurrer interposed by appellants was overruled. Answers in denial closed the issues tendered by the complaint. The Lee Auto Company filed a cross-complaint making the said Diddels defendants thereto. Both causes were dismissed as to William H. Diddel, he having theretofore been duly discharged as a bank-

rupt in the U. S. District Court, and the other defendants to the cross-complaint answered in denial.

The cause was submitted to the court for trial and resulted in a finding and judgment against Glenn H., and Estelle Diddel, from which, their motion for a new trial having been overruled, they prosecute this appeal, and assign as error the overruling of their said demurrer, and the overruling of their motion for a new trial. We shall first consider the sufficiency of said third paragraph of complaint.

By its third paragraph of complaint appellee Security Company sought a recovery upon a certain promissory note bearing date of February 21, 1921, due in six months, bearing interest at the rate of 8% per annum from date, and providing for attorneys fees. This note was signed: "Lee Auto Company, C. E. Lee." Neither of the appellants nor William H. Diddel signed this note.

The fact concerning the execution of this note, as disclosed by the averments of said paragraph of complaint, and concerning which facts there is no substantial dispute, are, in brief, as follows: The appellants and William H. Diddel were partners doing business at Indianapolis, Indiana, under the name and style of Franklin Motor Company; they were the agents for and distributors of the Franklin Automobile and, as such distributors, were interested in procuring persons to act as selling agents for said automobile; The Lee Auto Company was located at Crawfordsville, Indiana, engaged in selling automobiles, and was desirous of taking the agency at that place for the sale of the Franklin Automobile but did not have the money in hands to pay the purchase price of the "initial" car; for the purpose of assisting said Lee Auto Company in negotiating the necessary loan, the Franklin Motor Company, on February 16, 1921, executed the following instrument

to said Lee Auto Company: "It is agreed by the Franklin Motor Company of Indianapolis, Indiana, that they will take the Franklin Sedan No. ——, off the hands of the Lee Auto Company at the end of six months and sell the same for the full amount we paid for it. Providing, sedan has not been in a wreck, or collision, or fire, and is in a good salable condition."

The above agreement was later shown to the appellee, American Security Company, and on February 21, 1921, it advanced to Lee Auto Company the money to pay for said car and received from said Auto Company the note in suit, it being what is commonly known as a "property" note, or conditional-sales contract note, covering said sedan so bought of the appellants. The said note not being paid at maturity this suit was brought, the plaintiff demanding judgment for principal, interest, and attorneys fees.

It will be noted that there is no averment in the said paragraph that Claude E. Lee, who signed said note and who signed the name of Lee Auto Company thereto, was the agent of the appellants in the matter of executing said note, or that he was acting for the appellants in that matter, or that appellants were an undisclosed principal and were in fact the real principal behind said note.

It is fundamental that where parties to a transaction enter into a contract in writing, all prior negotiations and stipulations, in the absence of fraud or mistake, are conclusively presumed to be merged into and thereby become a part of such written contract; after its due execution the said instrument in writing, and it alone, declares the contract and fixes the respective rights and obligations of the parties thereto. In this case, in said third paragraph, the right to a recovery was based upon said note and the payee therein named sought a recovery strictly according to the terms

of said note; these appellants were not parties thereto, as written; they had made no promise to pay the same, and as to them, said paragraph did not state a cause of action.

But it is insisted that said paragraph is good upon the theory that it states a cause of action for "money loaned" to the defendants named therein, as being persons who were engaged in a "joint enterprise" and the money so loaned to them was by them used in such enterprise.

The averments of the said paragraph of complaint, material or necessary to be considered in determining its sufficiency upon this theory are as follows: "That on the 21st day of February, 1921, the defendants, Lee Auto Company, Claude E. Lee, and the defendants Diddel, borrowed of this plaintiff the sum of $3,369.75, which sum represented the purchase price of a certain Franklin Automobile which was to be handled and sold by and among said defendants and for their mutual benefit and accommodation *as hereinafter set forth.* That the defendants Diddel were at that time co-partners under the firm name and style of Franklin Motor Company. That in order to secure the purchase price of said automobile and carry out the enterprise in which said defendants were then joining, said defendants solicited of this plaintiff the loan aforesaid, and to evidence the same, executed to the plaintiff a combined note and chattel mortgage therefor. (Copy of note made exhibit to complaint.) That said note on behalf of said defendants was signed under the name and style of Lee Auto Company, C. E. Lee. That at the same time and in order to further assure the repayment of the money borrowed of the plaintiff by said defendants, and for the plaintiff's protection as well as that of their co-defendants, Lee Auto Company and Claude E. Lee, the defendants Diddel, under the name and style of the

Franklin Motor Company, executed and delivered to the plaintiff a memorandum in writing, as follows: 'It is agreed by the Franklin Motor Company of Indianapolis, Indiana, that they will take the Franklin sedan No. ——, off the hands of the Lee Auto Company at the end of six months and sell the same for the full amount we paid for it. Providing sedan has not been in a wreck, or collision, or fire, and is in a good salable condition.

Franklin Motor Company,

By E. R. Judy, Wholesale Manager.'

That it was the intent and purpose of said defendants by their said written note, mortgage, and memorandum, being the writings herein above just mentioned, to promise the repayment of said borrowed money to this plaintiff six months after date, with 8% interest thereon and attorneys fees, and to give the plaintiff a lien, in effect a chattel mortgage, upon one Franklin Sedan (description omitted), defendants Diddel intending *thereby* and *thereby promising to pay the plaintiff* the full amount of its loan as above mentioned, from the proceeds of the sale of said automobile, to the end and for the purpose that this plaintiff should have the additional security and protection of the sale of said automobile in effect as though by chattel mortgage. That the plaintiff agreed to loan the money to said defendants upon the promises and the memoranda evidencing the same, *as herein above set forth,* and did advance and pay to said defendant the aforesaid sum of $3,369.75." (Our italics.)

The law fixing the liability of persons engaged in a "joint enterprise" is well settled and needs no discussion. Their liability, as to such enterprise is that of partners, but the basic question, which is one of fact is: Was the enterprise in question a joint one?

It will be noted that the allegation in said paragraph

as to "joint enterprise" was limited by the expression, "as hereinafter set forth." The *conditional-sales contract* of February 21, 1921, and the above quoted agreement of February 16, 1921, were each a part of said paragraph of complaint. There is in said paragraph of complaint an entire absence of any averment or averments of facts which would in any way show a joint enterprise as between these parties. The pleader says they were engaged in such enterprise, *as hereinafter set forth,* and then sets forth nothing showing such enterprise.

But, even if we should hold said paragraph of complaint good upon the theory of money loaned to these parties to promote a joint enterprise, the cause would have to be reversed because of insufficiency of evidence.

There is no substantial conflict in the testimony in this case, and the following facts may be said to have been established without dispute, viz:

The Diddels were associated as partners and doing business under the firm name and style of Franklin Motor Company, at Indianapolis; they were district agents and distributors to sub-agents over certain territory in Indiana; the Lee Auto Company was located in Crawfordsville, Indiana, and prior to February, 1921, had been acting as agent selling another make of automobile; Claude E. Lee was manager of the business affairs of Lee Auto Company and prior to the time of the transaction herein involved, had said to one Judy, an employe and agent of the Franklin Motor Company—appellants—that he would like to take on the agency of the Franklin car; that he believed he could handle it with advantage along with the car which he was then selling; that he told one Stalker, manager of appellee Security Company, that he would like to take the agency of the Franklin car in Crawfordsville, but was not able

to finance the matter himself; that Stalker asked him concerning his contract with the Franklin Motor Company, the terms, etc.; that a few days later Judy, at the request of Lee, went with him to call upon Stalker and explain his contract; that Judy, in a general way, explained to Stalker the terms of the proposed agency contract with the Lee Auto Company and told Stalker that Lee was proposing to buy a car from the Franklin Motor Company; that Lee and Judy then went to Lee's office and that Lee then and there wrote the said agreement concerning the taking back of said car by the appellants at the end of six months; that the parties then returned to Stalker and he was given for examination both the agency contract and the said memorandum agreement; that after examining the papers to some extent he informed the parties that his company would make the loan. The deal was not, however, closed until February 21, 1921, the delay being explained by the fact that the contract between Lee Auto Company and Franklin Motor Company—agency contract—had to be sent to the Franklin Automobile Company—the manufacturer—at Syracuse, New York, for its approval.

The testimony further shows, without dispute, that on February 21, 1921, Lee executed the said promissory note and received the money thereon, and that he at once thereafter purchased the said automobile of the Franklin Motor Company, paying to it the full purchase price.

It is fundamental that the theory upon which a case was tried in the lower court will be adhered to on appeal. If this was a "joint enterprise" then the liability of the parties interested therein to pay the legal obligations arising from such enterprise would be that of partners, and if one of such parties paid more than his proportionate share of such obligation he would have a right, as against the other parties

to enforce "contribution." This proposition is fundamental. When we look to the judgment rendered herein we find it to be as follows: ". . . the American Security Company recover of and from Estelle Diddel and Glenn A. Diddel, Lee Auto Company and Claude E. Lee, the sum of $2,271.60 as heretofore found with interest thereon at 8% from June 1st, 1925, together with its costs herein laid out and expended. . . . The court further decrees that the defendants, Glenn A. Diddel and Estelle Diddel be first exhausted upon such judgment before recourse is had to Lee Auto Company, Claude E. Lee." Clearly, this judgment was not founded upon a complaint which proceeded upon the theory that the defendants thereto were liable as parties to a "joint enterprise."

The testimony that the car in question, shortly after it came into the possession of the Lee Auto Company, was in a "collision," is not disputed. Nor is there any dispute as to the fact that it was at once brought to Indianapolis for repairs; or that repairs, made necessary by said collision, were made at an expense of $141. There is also testimony in this record, undisputed, that a car which has been in a wreck or collision "automatically takes a second-hand value—a used car value."

By said memorandum agreement the appellants had promised to take back said car, at the end of six months, and sell the same for the price paid for it, *providing it had not been in a wreck, collision, or fire.* Nothing is said in said memorandum agreement as to the extent to which the car must be damaged by reason of the happening of the named contingency. The condition was absolute, and, in view of the above testimony, that such car would, as a result of a collision automatically take a *used car value,* we can readily appreciate the reason and force of such a provision. The sale of such a car as a new car, even in the

absence of a specific representation that it was a new car, would render the seller liable for damage. To say that such a condition must have a reasonable construction, that it means a collision which *impairs the value of the machine* so that after repairs are made it is still a defective or impaired machine, will not do. To place such a construction upon said agreement would always make the question of impairment one of fact to be litigated and found by court or jury—a fruitful source of litigation. This, the appellants avoided by making the term or condition absolute; the language in question is plain and needs no construction.

It is also urged that the appellants should be held liable under their said agreement because they, or their agent, tried to sell said car as a new car, and that they thereby gave a practical construction to said agreement as to wreck or collision, as being a wreck or collision which, after repairs had been made, still left said car in a materially injured condition. This contention has no evidence to support it. The witness, Judy, upon cross-examination was asked if he had not tried to sell this car as a new car, and he answered that he had not. This is the only testimony which we have been able to find in this record which bears upon this matter directly, and it stands uncontradicted. There is testimony that Judy, in company with Lee, did some driving about the country visiting prospective customers and that he talked to and with such prospects and tried to sell to such prospects severally, *a* Franklin car, type of body not mentioned, but there is no testimony that he tried to sell the car in question *as a new car*.

The attorneys for the appellees have made no objection or question as to the sufficiency of the brief filed herein by appellants to present the questions involved herein; they are satisfied with the brief filed—have waived any deficiency therein, and

while there are some deficiencies therein, we think it would be "going far afield" in this case to refuse to consider the questions sought to be presented herein by said brief.

The judgment herein is affirmed as to Lee Auto Company and Claude E. Lee, and is reversed as to the appellants with instructions to sustain appellants' motion for a new trial, to sustain their demurrer to the third paragraph of said complaint, and for further proceedings.

Dausman, J., absent.

Nichols, J., not participating.