**Bernard BECK, Appellant (Defendant Below),**

v.

**INDIANA SURVEYING COMPANY, Appellee (Plaintiff Below).**

**No. 4–681A29.**

Court of Appeals of Indiana, First District.

Dec. 21, 1981.

Rehearing Denied Jan. 28, 1982.

---

John Daniel Tinder, Tinder, O'Donnell & Tinder, Indianapolis, for appellant.

Raymond S. Robak, Wolf, Robak & Murphy, Greenfield, for appellee.

ROBERTSON, Judge.

Bernard Beck (Beck) appeals the decision of the trial court which found Beck and a co-defendant liable for surveying services performed by Indiana Surveying Company (Indiana Surveying). Beck appeals the trial court's determination that the business activities between Beck and his co-defendant constituted a partnership.

We affirm in part, reverse in part, and remand.

The facts disclose that Beck entered into a "land development agreement" with his co-defendant Peggy Kirk (Kirk), a real estate developer. The agreement provided that Beck would contribute land that he owned and Kirk would furnish her expertise to create a residential housing development, which was to be named "Beckhaven Estates". Beck and Kirk agreed to divide equally any profit resulting from a sale of the real estate. Pursuant to the agreement, Beck established a trust agreement with another co-defendant, the Hancock Bank and Trust Co. (bank). Beck conveyed legal title to approximately twenty acres of land to the bank as trustee. The trust agreement provided the bank was to convey the land at the direction of Beck or Kirk.

Kirk employed Indiana Surveying for its services. Later, Kirk refused to pay for these services and Indiana Surveying initiated this action by filing a complaint against Beck, Kirk, and the bank. The complaint consisted of three counts. Count one sought to enforce a mechanic's lien against Beck. The trial court found in favor of Beck on this count. Count two was brought against Kirk individually on the contract she entered with Indiana Surveying. Count three was brought against all the defendants. The theory of recovery forwarded by Indiana Surveying was that Kirk was Beck's agent.

The trial court found against Beck and Kirk on counts two and three. In its findings of facts, the trial court determined Kirk and Beck were acting in concert in the form of a partnership such that they were jointly and severally liable.

On appeal, Beck alleges the trial court erred by finding that his activities with Kirk constituted a partnership. Beck contends that the trial court's finding was outside the scope of the pleadings and that the evidence does not support the finding.

■ In the presentation of its evidence, Indiana Surveying offered the theory that Kirk was Beck's agent. Beck argues that he had no knowledge that Indiana Surveying was forwarding a partnership theory and did not prepare such a defense. Beck claims that he is entitled to meet the issues presented at trial and must be given a new trial. Beck's argument that he lacked sufficient notice is covered in Ind.Rules of Trial Procedure, Trial Rule 15(B), which provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after

judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Beck did not object that the evidence was outside the scope of the pleadings. We remain unpersuaded that he was not given sufficient notice because the theories of agency and partnership are very closely related. *See* 137 A.L.R. 7 (1942). Furthermore, under the Uniform Partnership Act, a partner is deemed to be an agent of the partnership. *Ind.Code* 23–4–1–9. We believe that Beck was given sufficient opportunity to meet the issues presented at trial.

 Beck argues that there was insufficient evidence for the trial court to find a partnership existed. Our standard of review provides that if there exists evidence of probative value to support the trial court's judgment, we must affirm. We will not weigh the evidence or judge the credibility of witnesses, but will only consider the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. The judgment of the trial court must be affirmed if it can be sustained by any legal theory which is supported by the evidence. *Central Indiana Carpenters Welfare v. Ellis*, (1981) Ind. App., 412 N.E.2d 865.

We believe there was sufficient evidence to support the trial court's finding that the business activities of Beck and Kirk constituted a partnership. A partnership has been defined as an association of two or more persons to carry on as co-owners a business for a profit. *Ind.Code* 23–4–1–6. The rules for determining a partnership are contained in *Ind.Code* 23–4–1–7, which provides:

In determining whether a partnership exists, these rules shall apply:

(1) Except as provided by section 16 [23–4–1–16] persons who are not partners as to each other are not partners as to third persons.

(2). Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

(a) As a debt by instalments or otherwise,

(b) As wages of an employee or rent to a landlord,

(c) As an annuity to a widow or representative of a deceased partner,

(d) As interest on a loan, though the amount of payment vary with the profits of the business,

(e) As the consideration for the sale of a good will of a business or other property by instalments or otherwise.

 Beck and Kirk agreed to split the profits from their activities. The receipt of a share of the profits is prima facie evidence of the existence of a partnership. IC 23–4–1–7(4). Beck argues that his receipt of the profits is not evidence of a partnership, but merely the consideration for the sale of property by installments pursuant to IC 23–4–1–7(4)(e). We believe that the scope of this exception is limited to transactions between the immediate buyer and seller, such that the receipt of a share of the buyer's profits by the seller is not evidence

that the seller is a partner of the buyer. We believe that IC 23–4–1–7(4)(e) is inapplicable to future sales to third parties.

 Beck also argues that there was insufficient evidence that he was a "co-owner of a business pursuant" to IC 23–4–1–6. There was further evidence demonstrating that Beck and Kirk's activities constituted a partnership. The agreement clearly intended the creation of a housing development, which must be construed to be the intent to create a business enterprise, and not just an investment in real estate. The development was to be named Beckhaven Estate after Beck. The use of a firm name is evidence of the existence of a partnership. *Cook et al. v. Frederick, et al.,* (1881) 77 Ind. 406. The partnership agreement provided that sales under a minimum amount needed Beck's approval. The trustee was directed to convey the land in question at the direction of either Beck or Kirk. This established that Beck could participate in the management. The lack of involvement in the daily management of the enterprise is not per se indicative of the absence of a partnership. *Endsley v. Game-Show Placements, Ltd.,* (1980) Ind.App., 401 N.E.2d 768. An examination of the land development agreement discloses that the trial court should have characterized the activities of Kirk and Beck as a joint venture and not as a partnership. A joint venture is generally defined as an association of two or more persons to carry out a single business enterprise for profit. *O'Hara v. Architects Hartung and Association,* (1975) 163 Ind.App. 661, 326 N.E.2d 283. Generally, a joint venture is distinguished from a partnership in that a partnership is formed for the general business of a particular kind whereas the joint venture contemplates a single business transaction. 46 Am.Jur.2d Joint Venture § 4 (1969). The characterization of the activities as a partnership or a joint venture will offer no relief for Beck because parties to a joint venture are liable as partners for the legal operation of the venture. *Yeager and Sullivan, Inc. v. Farmers Bank,* (1974) 162 Ind.App. 15, 317 N.E.2d 792; *Diddel v. American Security Co.,* (1928) 94 Ind.App. 639, 161 N.E. 689.

 The trial court found against Beck and Kirk on counts two and three. Pursuant to the claim for relief contained in count two, the trial court awarded attorneys' fees and pre-judgment interest. Beck appeals the trial court's determination that he was liable under count two because it was brought against Kirk individually. Indiana Surveying has conceded that Beck is not liable on count two. Accordingly, this portion of the judgment is reversed.

The judgment is affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion.

NEAL, P. J., and RATLIFF, J., concur.