PERFECT CIRCLE CORPORATION, an Indiana Corporation, and Dana Corporation, an Ohio Corporation, Defendants-Appellants,

v.

William CASE, James Wyatt, and William Means, Plaintiffs-Appellees.

No. 4–782A206.

Court of Appeals of Indiana, First District.

Feb. 3, 1983.

Gregory A. Horn, Andrew C. Cecere, Bowen, Cecere & O'Maley, P.C., Richmond, for defendants-appellants.

Larry G. Amick, Shumacker & Amick, Greenfield, for plaintiffs-appellees.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Appellants Perfect Circle Corporation (Perfect Circle) and Dana Corporation

(Dana) bring an interlocutory appeal from a trial court order granting conditional class certification in an action for damages and injunction. We reverse and remand.

## FACTS

Perfect Circle is a division of Dana. In 1972 Perfect Circle began to upgrade the pollution control systems at its Rushville, Indiana, plant. Installation of the new system required that the wet scrubbers remain inoperative during the installation period. During the period that the scrubbers were inoperative, fly ash from the stacks settled on plant employees' automobiles resulting in damage to the cars' finishes. Suit was commenced in October 1973. Upon the employees' motion, the trial court granted conditional class certification. From that grant Perfect Circle and Dana now appeal.

## ISSUES

Appellants present three issues for review. However, we address only one issue as it is dispositive of this action.

Was there sufficient evidence upon which the trial court could find that the representative parties would fairly and adequately protect the interests of the class?

## DISCUSSION AND DECISION

The evidence presented at the certification hearing was insufficient to support the trial court's decision to grant conditional class certification.

The conduct of class actions is governed by Indiana Rules of Civil Procedure, Trial Rule 23. The rule states, in relevant part, that

"(A) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

(B) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of:

(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(d) the difficulties likely to be encountered in the management of a class action.

(C) Determination by order whether class action to be maintained—Notice—Judgment—Actions conducted partially as class actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court, upon hearing or waiver of hearing, shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."

In order to maintain a class action, the representative members of the potential class must meet the four (4) prerequisites of subsection (A) and, in addition, one or more of the requirements of subsection (B). *World Hockey Association v. Simmons,* (1982) Ind.App., 443 N.E.2d 352 at 357; *Bowen v. Sonnenburg,* (1980) Ind.App., 411 N.E.2d 390, 398. Failure to meet any one of the mandated requirements results in the denial of class status. Perfect Circle and Dana argue, among other things, that the representative parties failed to present sufficient evidence upon each of the prerequisites in subsection (A). They argue that absent sufficient evidence, the grant of conditional class certification was error. Insofar as the evidence presented is insufficient to show that the representative parties are able to fairly and adequately protect the interests of the class, we agree with the appellants' assertions.

It is axiomatic that the burden of proof in such cases is upon the party seeking to establish the propriety of a class action. *Kuespert v. State,* (1978) 177 Ind.App. 142, 150, 378 N.E.2d 888, 893, *trans. denied.* It is also well settled that where sufficiency of the evidence is at issue on appeal, this court will neither weigh conflicting evidence nor resolve questions concerning the credibility of witnesses. *Vector Engineering & Manufacturing Corp. v. Pequet [sic ],* (1982) Ind. App., 431 N.E.2d 503, 505, *trans. denied; Herald Telephone v. Fatouros,* (1982) Ind.

App., 431 N.E.2d 171, 174. Rather, we look only to the evidence most favorable to the trial court's determination, together will all reasonable inferences to be drawn therefrom. *Vector; Herald Telephone.* The judgment of the trial court will not be disturbed if there is evidence of probative value to sustain it. *Curry v. Orwig,* (1981) Ind.App., 429 N.E.2d 268, 272, *trans. denied; Beck v. Indiana Surveying Co.,* (1981) Ind. App., 429 N.E.2d 264, 267. An examination of the record in this case reveals that no probative evidence was introduced at the class certification hearing upon which the court could base its finding that the representative parties would fairly and adequately protect the interests of the class.

In the instant case, suit was commenced October 15, 1973. The certification hearing was held on October 23, 1981, fully eight years after the action was instituted. When the class certification hearing was finally held, none of the representative parties were in attendance. We reiterate that it is the burden of the representatives to show that they will fairly and adequately protect the interests of the class.[1] *Kuespert.* As the representative parties were not in attendance, no such testimony could be elicited from them to meet such a burden. Instead, four other plant employees were called to testify. Those employees, in fact, stated on cross-examination that they were displeased with the performance of the representative parties in furthering the suit. The only evidence presented to the lower court concerning the representative parties' ability to fairly and adequately protect the interests of the class was negative evidence. We cannot say the evidence supports the court in its determination that the representative parties met their burden in showing that *all* the prerequisites for a class action were met. Absent such a showing, the plaintiffs cannot proceed as representative parties in a class action.

1. In fairness to appellees' current counsel we must note that, upon his appearance for the potential class, he did promptly bring the matter for hearing. However, Trial Rule 23 is not concerned, at least initially, with counsel's diligence in pursuing the litigation but rather with the actions of the representative parties. Counsel is not and should not become a *de facto* representative party. *See In re Goldchip Funding Co.,* (M.D.Pa.1974) 61 F.R.D. 592, 594.

Accordingly, we reverse the lower court's grant of conditional class status and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

ROBERTSON, P.J., and NEAL, J., concur.